## SWIFT *v*. STATE OF INDIANA.

[No. 29,980. Filed June 30, 1961. Rehearing denied September 19, 1961.]

*Edwin J. Ryan* and *Albert W. Ewbank,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Patrick D. Sullivan,* Deputy Attorney General for appellee.

LANDIS, C. J.—Appellant was indicted for murder in the first degree and after a trial by jury was convicted of voluntary manslaughter for which he was sentenced to the Indiana Reformatory for a period of two to twenty-one years.

Appellant's assigned error here relied on is that the court erred in overruling his motion for new trial.

To consider appellant's first contention of error,

i.e., that the verdict of the jury was not sustained by sufficient evidence, it is necessary that we review the evidence favorable to appellee to ascertain if there was substantial evidence upon which the verdict could rest.

It is uncontroverted in this case that the deceased died from a stab wound after some argument and scuffling with appellant at a tavern called Stan's Lounge in the city of Indianapolis.

The evidence showed that deceased on entering the tavern at about 11:30 P.M. came over to a booth where appellant and others were sitting. The appellant arose and there was an argument and scuffle and one witness stated that it looked like the deceased was going to attack appellant and appellant motioned with his hand against the chest of deceased and appellant then left the tavern as deceased was picking up a chair. The witness did not see a knife in appellant's possession at any time, but another witness for the state stated appellant came back into the vestibule of the tavern a few minutes later in search of his hat and at such time appellant had knife in hand. Another witness said he saw appellant lunge at deceased and appellant himself admitted on the witness stand:

> "I had a little knife in my pocket and I got it out and just before he [deceased] came down on my head with the chair, I throwed my arm up and he came down on my arm and it was sore for about two weeks. He must have ran into this knife when he was chasing me with the chair."

The deceased complained of being cut and was helped to the outside of the tavern but he collapsed by the time he reached the sidewalk. He died of a stab wound in the upper chest on the left side.

In the case before us appellant does not deny that he inflicted the mortal wound on deceased with a pocket knife, but he contends he was acting in defense of his own person. However, it is the province of the jury to determine the credibility of witnesses and determine whether they will believe all, none, or any part of a witness's testimony, and the determination of whether a homicidal act was carried out in self-defense is an ultimate fact to be decided by the jury. *Schlegel* v. *State* (1958), 238 Ind. 374, 378, 150 N. E. 2d 563, 567. It follows that the jury is not necessarily compelled to accept that portion of the testimony of the accused or other witnesses which tends to support his plea of self-defense. *Jackson, etc.* v. *State* (1958), 238 Ind. 365, 367, 151 N. E. 2d 141, 142; *Bange* v. *State* (1958), 237 Ind. 422, 428, 146 N. E. 2d 811, 814.

Under the circumstances it was for the jury to determine from all the evidence whether it was reasonably necessary for appellant in defense of himself to have employed the knife as he did under the facts of this case.

The instant case is clearly distinguishable on the facts from *State* v. *Sullivan* (1960), 240 Ind. 274, 163 N. E. 2d 745, where all the evidence showed the deceased purposely initiated into the argument the knife which inflicted the mortal wound and that it was somehow turned on him during the course of a struggle for it. Here appellant at all times was in sole possession of the weapon which inflicted the wound which caused death. The present case is closer on the facts to *Lawson* v. *State* (1908), 171 Ind. 431, 84 N. E. 974, wherein appellant's conviction was upheld although appellant testified she shot her hus-

band in self-defense after he threw glasses at her and approached and pursued her threateningly.

The evidence coming from the various witnesses in the case before us was obviously conflicting but the evidence favorable to the state was sufficient to sustain the verdict of the jury.

Appellant has also contended the court erred in overruling his motion for a directed verdict at the conclusion of the state's case. However, any contention in this respect . was waived when appellant afterward introduced evidence in his defense. *Craig* v. *State* (1957), 236 Ind. 434, 439, 140 N. E. 2d 881, 883, and cases there cited.

Appellant further contends the court erred in overruling appellant's objection to the following question asked appellant on examination by the state, viz:

"Q. Do you remember his asking you whether or not you had been in Stan's Lounge the night of August 22 and the morning of the 23, 1958?

"MR. RYAN: I am going to object to a question about any conversation with any police officer for the reason it was not gone into on direct examination.

\* \* \* \* \* \* \*

"MR. RYAN: I object . . . for the reason the State has not properly laid the foundation for an offer to prove."

\* \* \* \* \* \* \*

"THE COURT: The Court will overrule the objection . . ."

\* \* \* \* \* \* \*

"A. I don't remember. It has been too long ago."

It has generally been stated that cross-examination of a criminal defendant, though restricted to the

general subject matter about which he testified on direct-examination, is not restricted to the specific facts developed on direct-examination. 1 Ewbanks Ind. Crim. Law (Symmes Ed. 1956), §339, p. 202.

The question complained of related to the activities of appellant on the night the crime was committed. This subject matter was covered on the direct-examination of appellant and was therefore proper on cross-examination.

It is further well established that the trial court has a wide latitude in ruling on matters having to do with the extent of the cross-examination of a defendant, and its decision is reviewable only for an abuse of discretion which we are unable to find here. 9 I. L. E., Criminal Law, §720, p. 222.

Appellant's objection to the question for the reason "that the State had not laid a proper foundation for an offer to prove" was not a valid objection as this question was asked on cross-examination, and it is well settled that offers to prove are not required on cross-examination.

Had appellant's objection to the failure to lay a proper foundation been in proper form, the objection would still have been properly overruled as the question was obviously preliminary in nature and therefore not subject to the objection.

Appellant further contends that although his answer might appear harmless, its evasive nature prejudiced him in the minds of the jury.

It is elementary however that the particular answer given by a witness or a defendant to a question

cannot render the question improper. Were the rule otherwise in the case before us a defendant could render all cross-examination improper by giving vague or evasive answers.

As no reversible error has been shown by appellant, the judgment is affirmed.

Achor, Arterburn and Bobbitt, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 176 N. E. 2d 117.