WELLS *v.* STATE OF INDIANA.

[No. 30,350.   Filed March 31, 1964.]

*Mellen & Mellen,* of Bedford, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged, tried by jury, and convicted of the crime of sodomy.

The only error reserved in the trial court, and here argued on appeal, is that the verdict is not sustained by sufficient evidence.

No good purpose would be served by reciting the sordid details of the evidence introduced by the state relative to the offense. It was substantial and, therefore, sufficient to sustain the conviction. *Estes* v. *State* (1964), 244 Ind. 691, 195 N. E. 2d 471; *Schlegel* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563; *Penn* v. *State* (1957), 237 Ind. 374, 146 N. E. 2d 240; *Thomas* v. *State* (1948), 227 Ind. 42, 83 N. E. 2d 788; *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669.

Appellant's contention to the contrary is based upon the fact that the evidence was contradicted by appellee; that the testimony of two witnesses for the state varied in certain minor details, regarding events which preceded the offense charged, and that the evidence of the state and the defense varied in some respects concerning the physical arrangement of appellant's home where the offense allegedly occurred. However, these were matters which went to the credibility of the witnesses and the weight which the jury was entitled to give the testimony.

It is not within the province of this court, as a court of appeal, to weigh conflicting evidence or judge the credibility of witnesses, so long as the evidence in support of the conviction is substantial. *Yarber* v. *State* (1962), 242 Ind. 616, 179 N. E. 2d 882; *Beard* v. *State* (1961), 242 Ind. 222, 177 N. E. 2d 589. On this issue, this court has recently said:

" . . . [I]t is the province of the jury to determine the credibility of witnesses and determine whether they will believe all, none, or any part of a witness's testimony, . . . It follows that the jury is not necessarily compelled to accept that portion of the testimony of the accused or other witnesses which tends to support his plea . . . " *Swift* v. *State* (1961), 242 Ind. 87, 90, 176 N. E. 2d 117.

Judgment affirmed.

Landis, C. J., Arterburn and Myers, JJ., concur. Jackson, J., concurs in the result.

NOTE.—Reported in 197 N. E. 2d 301.