RENO *v.* STATE OF INDIANA.

[No. 30,820. Filed July 20, 1967.]

*Don R. Money, of Indianapolis,* for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Deputy Attorney General, for appellee.

HUNTER, C. J.—This was an action by the State of Indiana in Division Two of the Marion Criminal Court upon an affidavit charging the appellant with the crime of robbery pursuant to Burns' § 10-4101. After a plea of not guilty was entered, the case was heard by the court without the intervention of a jury. A finding and judgment of guilty of the crime of assault and battery with intent to commit a felony was entered and the defendant was committed to the Indiana State Prison for not less than one (1) nor more than ten (10) years. Appellant filed a motion for new trial which was overruled.

The only issue raised by this assignment of error questions the sufficiency of the evidence to sustain the finding and judgment of conviction.

A summation of the evidence most favorable to the appellee State follows: the record reveals that on January 10, 1965 the victim, Mrs. Frances Fisher, was walking on east Tenth Street in Indianapolis. Suddenly two (2) men placed themselves on either side of her, and one of the men "threw her

down" and stole her purse which contained approximately Ten ($10) Dollars. The purse was subsequently recovered. A lump on the back of her head as well as a scratched and bleeding knee were the injuries received by the seventy-three (73) year old victim. Besides the victim, there were two (2) other witnesses, Louvena Caldwell and William Renner. Mrs. Caldwell was in her home talking on the telephone which was in front of a window enabling her to see out on Tenth Street. Her ability to observe from this point was not complete however, and she only saw one man's feet and that the other man had on a brown jacket. She did not see either one of their faces, but on cross examination she stated that the one with the brown jacket had pushed Mrs. Fisher down. When the appellant was subsequently apprehended he was wearing a brown jacket. The other eye-witness, William Renner, was across the street in his automobile and saw the entire incident. His account differed from Mrs. Caldwell's in that he stated that it wasn't the one in the brown jacket who knocked down Mrs. Fisher, but the other party. He immediately chased the two assailants and caught up with the appellant. Renner persuaded him to wait until police arrived.

The record further reveals that when the victim was confronted with the appellant, almost immediately after the theft, she could not identify him as her assailant. Renner could not identify the other man who had left the scene of the alleged crime. The "other man," one Milton Jennings, was later apprehended and a plea of guilty was entered by him. He also testified that he was the appellant's brother-in-law; and it was shown at trial that they were residing at the same address.

The appellant took the stand at his trial and testified that he had been walking alone on his way to seek employment; that he saw the victim being robbed, and that he immediately gave chase. He could make no identification. The police stated that when the appellant was apprehended he gave

vague and incorrect answers as to his name, address, and employment, as well as producing a fraudulent driver's license.

The rule is well established that the determination of the credibility and weight of the testimony is within the province of the trier of the facts with but few minor exceptions. *Cotner* v. *State* (1909), 173 Ind. 168, 89 N. E. 847.

Under the assignment that the verdict is not sustained by sufficient evidence an appellate court will not weigh the evidence, and will not disturb the verdict on appeal if there is any evidence of probative value, substantial in character, which, if believed by the trier of the facts, would sustain every material element of the crime. There must be some evidence of probative value sufficient to establish every element of the crime beyond a reasonable doubt. *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543; *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *State* v. *Sullivan* (1959), 240 Ind. 274, 163 N. E. 2d 745. These cases represent the general rule as to the review of evidence by the Supreme Court on appeal from a criminal conviction.

The pertinent part of the robbery statute, under which appellant was charged, reads as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery." Burns' § 10-4101, *supra.*

That such a crime was committed is undisputed. As to whether appellant was one of the individuals involved we have this evidence: identification by two (2) witnesses, and the fact that appellant gave false answers to the police when apprehended in addition to other circumstantial evidence from which reasonable inferences may be adduced. Concerning the false answers, the following from *State* v. *Torphy* (1940), 217 Ind. 383, 387-88, 28 N. E. 2d 70 is applicable:

"Flight of the accused, concealment, assumption of a false name, and related conduct are admissible as evidence of consciousness of guilt, and thus guilt itself, but ■ it is for the jury to determine what weight and value should be given such evidence."

See also *Fletcher* v. *State of Indiana* (1949), 227 Ind. 687, 88 N. E. 2d 146.

We hold in the instant case that there is sufficient and substantial evidence of probative value and reasonable inferences to be adduced therefrom to justify the finding and judgment of guilty by the trial court. We therefore find that the judgment should be affirmed.

Affirmed.

Jackson and Mote, JJ., concur in result.

NOTE.—Reported in 228 N. E. 2d 14.