THOMAS *v*. STATE OF INDIANA.

[No. 30,883. Filed September 25, 1967.]

*William C. Erbecker*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *John F. Davis*, Deputy Attorney General, for appellee.

LEWIS, J.—On the 17th day of April, 1965, shortly before two o'clock in the morning, Officer Duckworth of the Indianapolis Police Department observed the appellant drive a vehicle off the lot of the Harry A. Sharp Company, an Indiana corporation. The automobile was a 1965 Ford. Officer Duckworth engaged in a high-speed chase of the vehicle, never

losing sight of it, until it was abandoned after crossing a curb and sidewalk. Duckworth further testified that as the appellant jumped from the car to escape, a pair of spectacles fell from his face to the sidewalk. Appellant, at this time, disappeared and could not be found immediately. Then, while the officer was making arrangements to have the car towed away, the appellant walked by, at which time the officer asked him whether or not he had stolen the automobile. Thomas replied in the negative. The officer next asked him whether or not the spectacles were his, and Thomas replied that they were and returned them to their proper place to improve his vision. Throughout his direct examination as well as his cross-examination, the police officer consistently identified Thomas as the person who drove the car from the Harry A. Sharp parking lot.

Appellant contends that the State of Indiana failed to present sufficient evidence to prove (a) corpus delicti; (b) the ownership of the stolen vehicle; and (c) that the appellant was the driver of the car.

The indictment was for Theft pursuant to Burns' Indiana Statutes, Anno., § 10-3030, [1956 Repl.], (1967 Cum. Pocket Suppl.) We conclude that the corpus delicti of the offense was established by the testimony of Officer Duckworth who saw the car being driven from the premises of the Harry A. Sharp Company and by the testimony of Homer Archer, Vice President of the Harry A. Sharp Company. Mr. Archer said that the corporation owned the car in question and that permission had not been given to George Thomas to drive it. The corporate existence of the Harry A. Sharp Company was adequately shown by a certificate of incorporation from the Secretary of State.

After analyzing appellant's objection as to the sufficiency of the evidence, it appears that appellant attacks the credibility of witness Duckworth rather than the sufficiency of the evidence. On appeal to this Court for insufficiency of the evidence, it is not within the province of the

Court, on appeal, to weigh conflicting evidence or judge the credibility of witnesses so long as the evidence in support is substantial. *Wells* v. *State* (1963), 245 Ind. 183, 197 N. E. 2d 301, quoting with authority from the following: *Swift* v. *State* (1961), 242 Ind. 87, 176 N. E. 2d 117; *Schlegal* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563. It is, therefore, for the court or jury to examine the credibility of the witness. If it is convinced by the testimony offered, we may not usurp its prerogative and overturn its decision on credibility alone.

In this case, Mr. Thomas waived a jury and chose to put his destiny in the hands of the Court. The Court, having all of the evidence before it, chose to believe witness Duckworth and we cannot say his testimony was insufficient, as a matter of law.

The appellant contends that the Trial Court rendered its decision at a time when the defense had not rested its case, thereby preventing its completion. Thomas insists that had it not been for this conduct of the Trial Court, appellant would have presented another witness, one Jeannette Romano, who would have been material in that she would have testified that the testimony of Officer Duckworth in the trial was inconsistent with testimony she heard him give at a previous hearing in the Municipal Court of Marion County, Indiana. This claim of error constitutes a very serious charge by the appellant and in order to properly consider the matter, it is well for us to review the sequence of events of the termination of this trial.

During the testimony of the defendant, the Court interrupted with:

Court: "Well, gentlemen, we're just wasting time. I don't like to cut you off because I know you have great . . ."
Appellant's counsel answered: "Sure, well, that would conserve time, there's no doubt about that."

A few more assorted questions were asked by the attorneys and the trial ended.

It will be noted that the counsel for the appellant did not make any objection to the action of the Trial Judge in his concluding of the case prematurely. Counsel for the appellant did not make any offer to prove the evidence that would have been elicited from the witness Romano. This Court stated in *Dull* v. *State of Indiana* (1962), 242 Ind. 633, 180 N. E. 2d 523, "A party may not sit idly by and make no objections to matters he might consider prejudicial, awaiting the outcome of a trial, and thereafter raise such question for the first time." quoting in authority from *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 664.

We believe that a trial conducted by a court with or without a jury is a serious matter and the Trial Court should not have one eye on the clock in an effort to cut short the introduction of evidence. The Trial Court and counsel for the appellant apparently agreed that perhaps time was being "wasted." The proper conduct of a trial is never a waste of time, but this Court cannot now consider whether the action was an abuse of the Trial Court Judge's discretion because the error, if any, was not saved by timely objection. In the event Mr. Thomas' counsel had additional evidence to introduce, an offer to prove should have been placed in the record.

We find the evidence sufficient and that no error was properly saved for appeal.

Judgment affirmed.

NOTE.—Reported in 229 N. E. 2d 722.