SMITH *v.* STATE OF INDIANA.

[No. 767S38. Filed August 9, 1968. No petition for rehearing filed.]

*Robert H. Fields* and *Frederick B. Robinson,* both of Indianapolis, for appellant.

*John J. Dillon,* Attorney General and *Murray West,* Deputy Attorney General for appellee.

LEWIS, C. J.—This is an appeal from a judgment of the Criminal Court of Marion County, Division 1, convicting the appellant of the crime of Robbery. The appellant was tried with his accomplice and without the intervention of a jury.

The record reveals that on the evening of October 13, 1966, the victim was a night attendant at a service station in Indianapolis and was working alone. He testified that the appellant forced him at gunpoint into the station's lavatory, put his head against the wall, tied him up with a rope, and

threw a towel over his face. Then, the intruders took the money changer from the attendant's belt. Next, the appellant and his confederate began to search elsewhere on the premises for additional cash. At the trial the victim positively identified the appellant as one of his assailants.

In addition to the testimony of the attendant, there was the testimony of an Indianapolis police officer. He stated that he was cruising by the service station and observed two men prying on a filing cabinet inside. He positively identified the appellant and his accomplice as the two men he saw. The officer's observation was made immediately after the attendant was placed in the lavatory. The officer realized that "something was wrong" and pulled into the station. As he drove onto the drive of the station the two men working on the file cabinet observed his arrival, stopped their activity, and proceeded to walk away. At this point in time, the attendant emerged from the lavatory with his hands bound in front of him. The officer realizing the situation, pursued the two men. The appellant's confederate was arrested after a short pursuit, and upon his capture, he informed the police of the appellant's address. Two other officers arrested the appellant at his home subsequently.

On appeal, appellant raises, essentially, two errors:

1. That the decision of the Trial Court was not sustained by sufficient evidence.
2. That the Trial Court erroneously permitted a certain glove to be admitted into evidence over the defendant's objection.

In passing on appellant's first alleged error, it is a well-settled rule that on appeal from a criminal conviction where the sufficiency of the evidence is challenged, the Supreme Court cannot weigh the evidence but will consider only the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom

to determine whether the jury was warranted in returning a verdict of guilty. *Gilmore v. State* (1951), 229 Ind. 359, 98 N. E. 2d 677, *Flowers v. State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

Two witnesses who observed the robbery in various stages of completion positively identified the appellant as one of the men involved. Therefore, appellant's alleged error ultimately rests on the credibility of these two witnesses.

In *Thomas v. State* (1967), 248 Ind. 447, 229 N. E. 2d 722, the defendant was convicted of car theft. A police officer observed the car being driven off of a dealer's lot at approximately 2:00 A.M. He chased the car until the car was abandoned. As the felon departed from the car his glasses fell to the ground. Later the felon returned to the abandoned car and identified the glasses as belonging to him. The conviction was obtained primarily upon the testimony of the arresting officer. In affirming the conviction, this Court stated:

". . . On appeal to this Court for insufficiency of the evidence, it is not within the province of the Court, on appeal, to weigh conflicting evidence or judge the credibility of witnesses so long as the evidence in support is substantial. *Wells v. State* (1963), 245 Ind. 183, 197 N. E. 2d 301, quoting with authority from the following: *Swift v. State* (1961), 242 Ind. 87, 176 N. E. 2d 117; *Schlegel v. State* (1958), 238 Ind. 374, 150 N. E. 2d 563. It is, therefore, for the court or jury to examine the credibility of the witness. If it is convinced by the testimony offered, we may not usurp its prerogative and overturn its decision on credibility alone.

"In this case, Mr. Thomas waived a jury and chose to put his destiny in the hands of the Court. The Court, having all of the evidence before it, chose to believe witness Duckworth and we cannot say his testimony was insufficient, as a matter of law."

In the case at bar the appellant, at trial, did not present any evidence reflecting upon the credibility of these two

witnesses. A witness is presumed to speak the truth. *Bryant v. State* (1954), 233 Ind. 274, 118 N. E. 2d 894. We conclude that the evidence was sufficient to sustain the finding of the court.

Appellant's second alleged error concerns a lady's glove presumably found in his apartment at the time of his arrest. At the scene of the robbery one lady's glove was found, and, it, along with the one found in appellant's apartment, was introduced into evidence. At trial the prosecution attempted to show that the gloves comprised a pair. The appellant objected on the basis that a complete chain of custody was not shown. Also, he objected on the grounds that the discovering officer had not put any identifying mark on it.

At the trial the officer who found the glove in appellant's apartment testified that this glove was the same one. He recognized it because of its obvious physical resemblance, that it was for the right hand, and because it had a little hole in the thumb. Since the officer who found the glove testified at the trial that it was the same, and in the absence of any evidence indicating to the contrary, we cannot see how the admission of this glove was harmful to the appellant. However, in his brief appellant cites no authority for his argument that the glove was inadmissible.

". . . In reviewing appellant's argument, we note that he does not cite any authority in support of his contention; therefore, the error, if any, is waived. Supreme Court Rule 2-17(e) and (f)." *Hutton v. State* (1965), 246 Ind. 589, 207 N. E. 2d 816.

The appellant having presented us with no proper error, we affirm.

Arterburn, Hunter and Jackson, JJ., concur.

Mote, J., not participating.

NOTE—Reported in 239 N. E. 2d 158.