DONALD GRAYFIELD HARRIS, LEONARD HARRIS AND GEORGE WHITFIELD v. STATE OF INDIANA.

[No. 969S213. Filed April 14, 1972.]

*Robert J. Fink, Haymaker, Hirsch & Fink,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from two separate trials of the co-defendants Donald Grayfield Harris and Leonard Harris. The trials although separate were held on the same day before the same judge. The cases have been consolidated for the purposes of appeal.

Donald Harris was tried and convicted of armed robbery on the morning of June 13, 1969. He received a sentence of not less than ten years nor more than twenty-five years. The third co-defendant George Whitfield entered a plea of guilty of robbery as charged under the minor statute. His case is not before us. In the afternoon Leonard Harris was tried and found guilty of theft of the sum of less than $100 and sentenced to not less than one year nor more than five years.

The facts in the Donald Harris case were as follows:

A robbery occurred at the Gay Dan restaurant in Indianapolis at about 8:30 P.M. on March 11, 1969. A waitress on duty at the time testified that two men came in and after threatening her with a revolver took approximately $70 in cash. She testified that she saw the two men leave in a white, 1961 Chevrolet. The police were called and within 10 to 15 minutes stopped a 1961 Chevrolet, white over light green, with the three co-defendants as occupants. At the time of the arrest the automobile and the occupants were searched. The police found one toy revolver, one chrome plated Italian gas gun, and a hook bill knife. Approximately $70 was found in the coat pocket of Donald Harris. Leonard Harris was the driver of the car.

Donald Harris made an oral confession of his participation in the crime some 17 hours after the arrest and immediately after signing a waiver of his constitutional rights.

The appellants claim an insufficiency in evidence in that the only witness to the alleged robbery was the waitress. She testified that both Donald Harris and Leonard Harris looked alike and she could not tell definitely which one entered the restaurant. She could only testify one of the men who entered looked like Donald or Leonard Harris (testimony by police officers revealed that the Harrises are twin brothers), and that the other man had an altogether different appearance.

Appellants also questioned the testimony of the police officer that Donald Harris orally confessed his participation in the robbery, pointing out that on cross-examination the officer testified that the usual practice in such cases is to reduce an accused's statement to writing. We have repeatedly stated that in reviewing the sufficiency of evidence this Court will not weigh the evidence nor resolve questions of credibility of the witnesses. We will look only to that evidence and the reasonable inferences therefrom which support the findings of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89, 16 Ind. Dec. 429. The evidence submitted by the state as above recited was sufficient to support the finding that Donald Grayfield Harris was guilty of robbery as charged.

The record discloses the following evidence in the trial of Leonard Harris:

The Gay Dan restaurant on 16th Street in Indianapolis was robbed at about 8:30 P. M. on March 11, 1969, by two armed men, one fitting the description of either Donald Harris or Leonard Harris (these men are twin brothers), and the other man fitting an altogether different description. Following the robbery the two men left in a 1961 white Chevrolet automobile. Less than 15 minutes later the Indianapolis police, who had been advised of the robbery, observed a white over green 1961 Chevrolet proceeding southeast on Indiana Avenue. They observed it turn south on Blake Street where it was stopped by the arresting officers. In a conversation with Leonard Harris, who was driving the vehicle at the time it was stopped,

Harris told the officers that he had been playing pool at a pool hall, which they had just passed. The officers testified that they had seen the car before it came to the pool hall and that it did not stop at the pool hall. As previously stated, this Court will not weigh the evidence, but will look only to that evidence which supports the findings of the trial court. *Asher* v. *State, supra.*

The fact that Leonard Harris was driving the vehicle less than 15 minutes after the robbery, the fact that he attempted to establish an alibi with the police officer that he had been playing pool in a pool hall which officers had observed him passing immediately prior to the apprehension, is evidence from which the trier of fact could conclude that Leonard Harris was attempting to hide the fact that he had participated in the robbery. An attempt to conceal one's participation in a crime may be considered by the trier of fact as evidence of guilt. *Reno* v. *State* (1967), 248 Ind. 334, 228 N. E. 2d 14, 11 Ind. Dec. 43.

The testimony of the waitress that one of the robbers looked like one of the Harrises and the other was of an entirely different description was evidence from which the trier of fact could conclude that one of the Harrises accompanied by Whitfield entered the restaurant, while the other Harris remained in the car as a lookout and get away driver. We, therefore, hold the evidence was sufficient to support the finding of the trial court that Leonard Harris was guilty of theft of the sum of less than $100.

The decision of the trial court is affirmed both as to Donald Grayfield Harris and Leonard Harris.

Arterburn, C. J. and Hunter, J., concur; DeBruler, J., and Prentice, J., concur and dissent with opinions.

## Concurring and Dissenting Opinion

DeBruler, J.—Like my colleague Prentice, I concur with the majority in the case of Donald Grayfield Harris, but dis-

sent in the case of Leonard Harris. However, I feel that I must make separate comment on the absence of evidence in the record to support conclusions reached by the majority.

During the trial of Leonard Harris, the victim testified that she was held up by two men at gunpoint and that they left in a 1961 White Chevrolet. She made no mention of a third man in the car. She indicated that the defendant "looked like" one of the men in the restaurant, but she could not say definitely that he was present, admitting that she did not know. The arresting officer testified that he stopped a white 1961 Chevrolet about one mile from the robbery scene. Leonard Harris was driving the car and there were two passengers riding with him. The officer testified that he placed them under arrest for robbery and searched the car. However, no evidence of an incriminating nature was found or introduced against the appellant in this case.

Unlike the previous trial, there was no evidence in this case that placed the appellant at or near the scene of the robbery; no evidence of any inculpatory statement by the appellant; no evidence that anyone else in the car was connected with the crime; and no evidence that any proceeds of the robbery were found in the car. Restricting our review to the evidence actually introduced at this trial I can find no evidence from which a trier of fact could infer beyond a reasonable doubt that the appelllant had any relation to the robbery in question. Thus, the evidence presented by the State against Leonard Harris is not sufficient to support a conviction, and in my opinion he should be discharged.

The majority states and finds great significance in the fact that Leonard Harris said he had been playing pool before the stop while the officer testified that he saw the car pass the pool hall prior to the apprehension. There are two rather obvious problems with this interpretation of the record of the Leonard Harris trial. In the first place, the officer admitted that he did not know where the car had been prior to the stop

and that it could have gone around the block several times for all he knew. Secondly, the fact that the officers saw it pass the pool hall without stopping at the time they had it in view does not contravene anything said by the appellant, since the appellant did not say that he had been playing pool immediately prior to the stop. The inference that the appellant's statement was an attempted alibi is unfounded on this record.

*If* the State had introduced evidence that indicated that the car or its other occupants were indeed connected with the robbery, and *if* Leonard Harris indeed had made statements to the effect that he had been playing pool just prior to the stop, then there would at least be some evidence to support this conviction. However, neither of these suppositions are supported by the record, and, therefore, the conviction of Leonard Harris should be reversed.

OPINION CONCURRING IN PART, DISSENTING IN PART

PRENTICE, J.—I concur in the majority opinion with respect to the affirmance of the conviction of Donald Harris but dissent from such opinion as to the affirmance of the conviction of Leonard Harris.

It is my opinion that the consolidation of these appeals has confused the majority into a commingling of the evidence from the two separate trials, and that the same understandable error was committed by the trial judge, who presided over both trials in the same day. The evidence being so similar in the two trials, it is difficult to erase from one's mind the evidence of one while considering the evidence in the other. However, my meticulous examination of Leonard's Bill of Exceptions has convinced me that the evidence presented in his trial was insufficient, as a matter of law, to sustain his conviction under the tests set forth in *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641 and *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874.

The evidence in Leonard's trial, with regard to the actual

robbery, did not establish the identity of the robbers but only that the establishment was robbed by two persons, one of whom looked like the twin brothers (Donald and Leonard). The other robber was not identified in any way at this trial. Therefore, Leonard is implicated, not because he was found in the company of anyone who was identified as one of the robbers but only by virtue of having been found in the company of a man who *looked like* one of the robbers. It is my opinion that we would not affirm a conviction where the only evidence against the accused was that he looked like the culprit but would hold such evidence to be insufficient to establish identity beyond a reasonable doubt. If this be true, affirmance as to Leonard will amount to a conviction by association only with one who himself could not have been convicted. This leaves standing, as the only evidence of probative value against Leonard, the fact that he apparently attempted to establish an alibi by lying to the arresting officers with respect to how long he had been in the vehicle. I agree that this, together with other evidence of probative value, could be considered as evidence of guilt. Standing alone, however I believe it to be insufficient as a matter of law. Leonard's attempt to establish an alibi is akin to flight and other similar conduct which we have previously held evidences a consciousness of guilt, from which the jury may draw an inference, *in connection with other circumstances*, that the person is guilty of the specific charge. *Pierce* v. *State* (1970), 253 Ind. 650, 256 N. E. 2d 557 at 561. I know of no case in this state, however, where such conduct alone, or with other circumstances which were merely consistent with the hypothesis of guilt but not in and of themselves of probative value, would support a verdict of guilty, and we recently held that it would not. *Banks* v. *State* (1971), 257 Ind. 653, 276 N. E. 2d 155.

From a review of the Bill of Exceptions in the trial of Donald Harris, a finding, beyond a reasonable doubt, was warranted that Donald was the one who entered the restaurant and committed the robbery. Were this evidence presented in

the trial of Leonard, inferences of his guilt could be properly drawn from his being found shortly thereafter in Donald's company and his attempt to establish the alibi. It appears, therefore, that the State would have little difficulty in convicting him upon a retrial. In this context, it might appear to the casual observer that the error was harmless. The fallacy, however, of permitting voids in the evidence to be supplied from improper sources, is so self-evident as to require no authority or further discussion. The reason for the defense motion for separate trials is obvious and was properly sustained. Having obtained this insulation, however, I am unable to perceive any counsel then subjected Leonard to the same exposure from which he had previously sheltered him. In my opinion, the conviction of Leonard was a natural consequence but, neverthelss, erroneous.

NOTE.—Reported in 281 N. E. 2d 85.