David A. **BOWERS**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 3–1281A317.

Court of Appeals of Indiana,
Third District.

May 26, 1982.

Rehearing Denied July 19, 1982.

Thomas L. Ryan, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

David A. Bowers was convicted by the trial court of child molesting, a class B felony.[1] He received a six year determinate sentence. On appeal, he raises the following issues:[2]

(1) Did the trial court err by admitting the victim's testimony?

(2) Is the judgment supported by sufficient evidence?

We affirm.

## I.

### Competency

The molested child, a foster daughter of David Bowers, testified that Bowers had her commit fellatio on him numerous times in their home. She was seven years old when the sexual acts occurred; however, she was eight and a half years old when she testified at Bowers's trial. Bowers challenges her testimony by arguing that her age rendered her an incompetent witness.

Ind.Code 34–1–14–5 provides that children under ten years of age are not competent witnesses, unless it appears that they understand the nature and the obligation of an oath. The determination of the competency of a child under the age of ten years lies within the discretion of the trial court. When the trial court has the opportunity to observe the maturity, intelligence, and the demeanor of the child, we review only for an abuse of discretion. *Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166; *Bennett v. State* (1980), Ind.App., 409 N.E.2d 1189, 1191. The determination of competency rests upon the ability of the child to know the difference between truth and falsehood and to understand that by testifying he or she is under a compulsion to tell the truth. *Johnson v. State* (1977), 265 Ind. 689, 359 N.E.2d 525, 528.

---

1. Ind.Code 35–42–4–3(a) provides in part:

   "A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony...."

2. We have combined Bowers's second two issues into one issue.

Our review of the record shows that the trial court thoroughly questioned the eight and a half year old girl before she was allowed to testify. This *voir dire* examination revealed that she understood the difference between truth and falsehood, as well as her obligation of testifying under oath. The trial court again admonished her before she was cross-examined. We conclude the trial court acted properly by permitting her to testify.

## II.

### Sufficiency of Evidence

Bowers contends that the trial court's judgment is supported by insufficient evidence because his foster daughter's testimony is not credible as a matter of law. Bowers collaterally attacks her credibility by citing evidence that she had stolen toys from neighborhood children and that she had lied on several occasions. Bowers directly attacks her credibility in that she told the authorities that the sexual acts had occurred in Bowers's family room within plain view of Bowers's four year old son. Bowers argues her story is improbable and contrary to human experience.

When reviewing the sufficiency of the evidence, this Court only considers the evidence and inferences most favorable to the State. The judgment of the trial court will stand if supported by substantial evidence of probative value. *Thomas v. State* (1967), 248 Ind. 447, 229 N.E.2d 722, 723. This well established rule of appellate review obtains when the trial is before the court without a jury. *Id.* The uncorroborated evidence of the victim, alone, is sufficient even if the victim is a minor. *Carter v. State* (1980), Ind.App., 408 N.E.2d 790, 794; *Smith v. State* (1978), Ind.App., 372 N.E.2d 511, 516.

The eight and a half year old child testified in detail to the sexual acts performed on Bowers. Her testimony is substantially corroborated by other witnesses who interviewed her shortly after her last sexual encounter with Bowers. We conclude that the trial court's judgment is supported by sufficient evidence.

Judgment affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.