BROWN *v.* STATE OF INDIANA.

[No. 27,581.   Filed October 7, 1941.]

22

*Thomas G. Moorhead, Russell J. Gordon,* and *James P. Murphy,* all of Fort Wayne, for appellant.

*George N. Beamer,* Attorney General, and *Joseph O. Hoffman,* Deputy Attorney General, for the State.

SHAKE, J.—The appellant was charged by affidavit with grand larceny, tried by the court without a jury, and found guilty. He has assigned error on the overruling of his motion for a new trial, in which it was asserted that the decision of the court was not sustained by sufficient evidence and that it was contrary to law.

The evidence in this case was largely circumstantial, and the appellant contends that it must be held insufficient to sustain the decision when either of two well-recognized rules of law are applied. The appellant first undertakes to invoke the rule that circumstantial evidence, in order to sustain a convic-

tion, must be of a conclusive character and must exclude every reasonable hypothesis of innocence of the accused. The rule is sound, but it is for the guidance of trial courts and does not apply to the reviewing tribunal. Where circumstantial evidence is of a character that two conflicting inferences may reasonably be drawn therefrom, one tending to prove or favorable to the guilt of the accused and the other favorable to his innocence, it is not within the province of this court to determine which inference ought to control. *Rosenberg* v. *State* (1922), 192 Ind. 485, 134 N. E. 856, 137 N. E. 53. If, in a case where the evidence is conflicting, the trial court finds against the weight thereof, this constitutes an error of fact and not of law, and it is the duty of the trial court to correct such error by granting a new trial. The rule that this court will not weigh the evidence applies whether it is direct or circumstantial. *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403. It is only where there is no evidence from which the trial judge or jury, as the case may be, may reasonably have drawn an inference of guilt that the decision or verdict will be disturbed on appeal. *Scharillo* v. *State* (1934), 207 Ind. 22, 191 N. E. 77.

The appellant also asserts that in finding him guilty the trial court violated the rule that one inference of fact cannot be based on another. In the celebrated case of *Hinshaw* v. *State* (1897), 147 Ind. 334, 363, 47 N. E. 157, 166, it was said:

"This process of tallying and confirming each circumstance by the others does not infringe the general rule that one inference cannot be based on another. There is an important exception to that rule, however. A fact in the nature of an inference may itself be taken as the basis of a new inference, whether intermediate or final, provided the first inference has the required basis of a proved fact."

More recently, this court said in *Orey* v. *Mutual Life Insurance Co. of N. Y.* (1939), 215 Ind. 305, 309, 310, 19 N. E. (2d) 547, 549:

"It has often been said that there is a rule of law to that effect, but the statements are so interspersed with recognition of exceptions that we must conclude with Professor Wigmore that: 'There is no such rule; nor can be.' Wigmore on Evidence, 2d Ed., Vol. 1, § 41, pp. 258, 259. . . . A fact may sometimes be established by circumstantial evidence more firmly and thoroughly than by direct but conflicting evidence, and when a fact is so established by inference it is as logical and reasonable a basis for further inference as a fact established by direct evidence."

Applying the rules above stated, we have no difficulty in concluding that there was no such failure of proof as would warrant us in disturbing the judgment. The fact that a larceny was committed was sufficiently established. The subject of the theft was currency, consisting in part of two $50 bills. The appellant, a needy person dependent upon relatives for support, was present when the money was taken, and he was seen to have two bills of that denomination shortly thereafter. There was evidence that he sought to direct suspicion toward another person and that he attempted to persuade one of the state's material witnesses to leave the community before the trial. The inferences of guilt which the trial court evidently drew from the surrounding circumstances were strengthened by serious discrepancies in the appellant's own testimony.

The judgment is affirmed.

NOTE.—Reported in 36 N. E. (2d) 759.