[Crim. No. 4924.   Second Dist., Div. Two.   Apr. 17, 1953.]

THE PEOPLE, Respondent, v. NORRIS WALTER
CARNER, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Wood-
ard, Deputy Attorney General, for Respondent.

McCOMB, J.—After trial before the court without a jury defendant was found guilty of selling a preparation of heroin contrary to the provisions of section 11500 of the Health and Safety Code. He appeals from the judgment and from the order denying his motion for a new trial.

*Questions*: First: *Was there substantial evidence to sustain the judgment of guilty?*

*Yes.* The evidence disclosed that Mr. Walker, an investigator from the district attorney's office of Los Angeles, approached defendant on February 14, 1952 in his service station. After exchanging greetings, Mr. Walker told defendant he had been informed it would be possible for him to purchase a half of a quarter paper from him. Defendant stated he was not too sure since he did not know Mr. Walker and it was a serious thing to sell narcotics. After attempting to locate the telephone number of the party Mr. Walker mentioned, defendant asked him whether he had any needle marks on his arm as a result of the injection of narcotics. Mr. Walker stated that he had none since he was a "horner." The term "horner" is used to distinguish a narcotic addict who inhales or snuffs heroin from the addict who takes it by injection.

After defendant went to the west corner of his service station and stood for a few minutes, he asked Mr. Walker if the latter had the money in silver. The reply being made in the negative, defendant observed that the money might possibly be marked. Mr. Walker then handed defendant a $5.00 bill and a $1.00 bill. This money defendant wadded into a small ball and asked Mr. Walker to follow him to the rear of the garage, saying he would take a chance.

Behind the garage on the ground was a Philip Morris cigarette package. Defendant told Mr. Walker to take it, which he did. Upon examination it was found that the package contained heroin. This evidence clearly supported the trial judge's finding that defendant sold a narcotic illegally.

*People* v. *Grijalva*, 48 Cal.App.2d 690 [121 P.2d 32], is entirely consistent with our conclusion since the trial court in such case merely held that the evidence was sufficient to sustain the conviction that the defendant had sold a narcotic in violation of the provisions of the Health and Safety Code.

*People* v. *Herbert*, 59 Cal.App. 158 [210 P. 276], is factually distinguishable from the present case. There is no merit in defendant's contention that he did not have possession of the narcotic which he sold.

Second: *Was the verdict of the court finding defendant guilty of the sale of a narcotic inconsistent with its finding that defendant was not guilty of having in his possession a preparation of heroin?*

*No.* Each count in an information or complaint which charges a separate and distinct offense must stand on its own merit and the disposition of one count has no effect or bearing on the verdict with respect to other counts contained in the information or complaint. Hence, a verdict of acquittal of one or more counts is not deemed to be an acquittal of any other count. (*People* v. *Carothers,* 77 Cal.App.2d 252, 254 [1] [175 P.2d 30].)

The foregoing rule is here applicable since each count in the complaint stated separate and distinct offenses. The contention that verdicts are inconsistent is untenable unless they are rendered upon charges wherein the elements of the offenses alleged are identical. (*People* v. *Hight,* 94 Cal.App.2d 100, 107 [210 P.2d 270] ; *People* v. *Amick,* 20 Cal.2d 247, 249 [1] et seq. [125 P.2d 25].)

The judgment and order are and each is affirmed.

Moore, P. J., and Fox, J., concurred.