[Crim. No. 5958.   Second Dist., Div. Three.   Dec. 2, 1957.]

THE PEOPLE, Respondent, v. NORMAN MITCHELL,
Appellant.

Norman Mitchell, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

SHINN, P. J. — By information Norman Mitchell was charged in Count I with a violation of section 273d of the Penal Code in inflicting upon Bertha Mae Mitchell a corporal injury on August 23, 1956, which resulted in a traumatic condition, and in Count II with committing a like offense on October 10, 1956. Mitchell was represented at the trial by a Deputy Public Defender. Trial was to a jury which found him not guilty on Count I but found him guilty on Count II. Defendant's motion for a new trial was denied. Probation was likewise denied and defendant was sentenced to state prison for the term prescribed by law. He appeals from the judgment and an order denying him a new trial.

The conviction was based upon evidence of the following facts. Defendant and Bertha Mae Mitchell were husband and wife and on October 10, 1956, they were residing in a three-room apartment on West 47th Street in the City of Los Angeles. At approximately 9 p. m. that evening, Officer G. L. Bryan of the Los Angeles Police Department received a call to go to the Mitchell residence. Upon arriving in the vicinity he saw Mrs. Mitchell running down 47th Street; she was dressed only in a torn slip which was covered with blood spots and she was bleeding from the nose and mouth. Defendant was chasing her. The officer stopped Mitchell and interrogated him. The officer testified that defendant told him he suspected his wife of infidelity with a house guest, that he knocked her down and "stomped" on her, tried to kill her, and that he would certainly kill her after he was released from jail. The officer went to the apartment with defendant and observed what appeared to be fresh blood stains on the floor and walls in all three rooms.

The complaining witness was taken to the receiving hospital where she was examined by Dr. Lawrence Owens, who treated her for a broken jaw, contusions around the face and head, and a laceration over one of her eyebrows. Dr. Owens referred Mrs. Mitchell to the county hospital for further treatment; she remained there for two weeks. A photograph of the complaining witness, taken at the receiving hospital, was introduced in evidence; the photograph disclosed the injuries we have already mentioned.

Mrs. Mitchell testified that around 8:30 p. m. on October 10th she was in bed. Her husband had been drinking. He called her into the bathroom, confronted her with a white boy who was a house guest of the Mitchells, and accused her of "being with the kid." Mrs. Mitchell denied any impropriety. Defendant then seized his wife, struck her on the side of the jaw with his fist, and gave her a bad beating about the face and head. Mrs. Mitchell ran from the apartment and telephoned the police from a nearby liquor store. In the course of cross-examination which anticipated the defense that was forthcoming, she denied having had intercourse with the guest, denied attacking her husband with a screwdriver, denied hitting her head against the bedstead and denied stumbling into a washing machine on her way out of the apartment. She admitted having stabbed Mitchell in the kidneys in December 1955 and pointing a shotgun at him in June 1956, but she testified that those incidents occurred upon occasions when he was beating her.

Defendant, testifying in his own behalf, stated that he did not strike his wife. While he was lying in bed he discovered his wife and the house guest together on the floor at the foot of the bed. The boy ran outside. Mrs. Mitchell shouted "I'll explain it," reached into a chest of drawers and pulled out a screwdriver. She made a pass at defendant with the screwdriver but he succeeded in disarming her. They began to tussle and Mrs. Mitchell tried to crawl head first underneath the bed. While doing so, she struck her face on the front of the iron bedstead. She rushed out of the apartment and ran into the washing machine. Mitchell denied telling the officer that he had "stomped" on his wife although he admitted saying that she had been unfaithful to him. He testified that the spots in the apartment which the officer stated to be fresh blood stains were spots of red paint and dark floor wax that had been there prior to October 10th. Mitchell was a house painter by trade.

Defendant has filed a brief in propria persona. It is adequate as a presentation of all the points that could be advanced in his behalf. We have made a careful examination of the record and have discovered no insufficiency of the evidence and no error at the trial. There is no merit whatever in the appeal.

Mitchell argues the following points in his brief: (1) The evidence was insufficient to support the verdict; (2) Since the two counts of the information alleged identical offenses com-

mitted on different dates, the fact that the jury found defendant guilty of Count I and not guilty of Count II requires a reversal of the judgment.

The argument that there was insufficient evidence to support the verdict as to the second count cannot be maintained. Section 273d of the Penal Code reads in pertinent part as follows: "Any husband who wilfully inflicts upon his wife corporal injury resulting in a traumatic condition, but not constituting a felonious assault or attempted murder, . . ., is [nevertheless] guilty of a felony, . . . ." The implied findings necessary to sustain a conviction of that offense are that defendant and the complaining witness were husband and wife, that he wilfully inflicted corporal injury upon her, and that the corporal injury thus inflicted resulted in a traumatic condition. (*People* v. *Burns,* 88 Cal.App.2d 867 [200 P.2d 134].) There was ample evidence to support such implied findings. The weight to be given to the testimony of the People's witnesses and to defendant's denials of wrongdoing was a matter for the determination of the jury. Mere conflicts in the evidence such as we have related present no question of law. All the elements of the offense charged were established.

There is likewise no merit in the contention that the judgment cannot be sustained because the jury returned inconsistent verdicts on the two counts of the information. Each count in an accusatory pleading which charges a separate and distinct offense must stand upon its own merits, and the disposition of one count has no effect upon the verdict with respect to other counts contained in the pleading; hence a verdict of acquittal of one or more counts is not deemed to be an acquittal of any other count. (*People* v. *Carner,* 117 Cal.App.2d 362, 364 [255 P.2d 835]; *People* v. *Nye,* 38 Cal.2d 34, 39 [237 P.2d 1].) Furthermore, defendant denied striking Mrs. Mitchell on August 23d and there was evidence of the records of the receiving hospital which supported his testimony that she fractured her jaw in an automobile accident on that date. The wire braces on her jaw were removed several days prior to October 10th. There is no inconsistency between the conclusions of the jury that defendant did not inflict corporal injury upon his wife on August 23d and that he did do so on October 10th.

The prosecutor made a vigorous attempt to prove the commission of the crime charged in Count I and we find nothing

in the record to substantiate defendant's contention that he was accused of that offense solely in order to prejudice the jury against him.

The judgment and the order appealed from are affirmed.

Wood (Parker), J., and Vallée, J., concurred.