## TUBBS *v.* STATE OF INDIANA.

[No. 30,897. Filed January 5, 1968.]

*George R. Brawley*, of Fort Wayne, for appellant.

*John J. Dillon*, Attorney General, *Ronald S. Timmons*, Deputy Attorney General, for appellee.

PER CURIAM.—This is an appeal in a criminal action in which the defendant-appellant was charged by affidavit in one count, the offense of assault and battery tending to frighten a child under the age of twelve (12) years. The case was tried before a special judge without a jury, and the appellant was found guilty of the offense.

The appellant asserts error that the trial court erred in overruling appellant's motion for a new trial.

The record indicates that the trial was held before a special judge and appellant was found to be guilty as charged on July 8, 1965. Thereafter appellant filed a belated motion for a new trial on September 29, 1965.

The appellant's sole assignment of errors is that the court erred in overruling the appellant's motion for a new trial. The motion for a new trial read as follows:

"The defendant in the above entitled cause moves the Court for a new trial therein for the following reasons:

1. That the finding of court is contrary to law."

The testimony before the trial court indicated the following:

"Q. I would like to direct your attention back to a couple of years ago when you lived with Mr. Ollis Perry and ask you whether or not you had, in September of that year, been in the apartment of Willie Tubbs and his wife?

"A. Yes.

"Q. I see, and what was the occasion or why were you up in his apartment on that day, September 7?

"A. I was supposed to be going to the store for him.

"Q. Had someone asked you to go to the store for them?

"A. Yes.

"Q. Who was that?

"A. His wife.

"Q. And tell us what happened when you went up to his apartment.

"A. Well, I was supposed to be going to the store for him. She was in the kitchen writing a grocery list. That's what she was supposed to be doing, and while that was going on I was sitting on the couch and he got on the couch with me and he went up under my dress.

"Q. And what do you mean he tried to go up under your dress? What did he do?

"A. He went up under my dress and felt my privates.

"Q. I see. Were you frightened by this?

"A. Yes."

It is the opinion of the court that the finding of the trial court is supported by sufficient evidence including the age of the infant. It is held on appeals from a criminal conviction the state is entitled to the most favorable version of the evidence together with all such reasonable inferences as may be drawn therefrom. *Greenwalt* v. *State* (1965), 6 Ind. Dec. 129, [246 Ind. 608], 209 N. E. 2d 254; *Wojcik* v. *State* (1965), 4 Ind. Dec. 664, [246 Ind. 257], 204 N. E. 2d 866.

Nor will a finding or verdict below be disturbed for insufficiency of evidence unless there is a total absence of some evidence on an essential element of the crime charged. *Greenwalt* v. *State, supra; Wojcik* v. *State, supra.*

The record indicates a sufficiency of such evidence to support the conviction of the appellant for the crime charged.

Likewise, the trial judge accepted the evidence as sufficient to support an inference since the finding of guilty resulted. This court has consistently held that the determination of controlling inferences is exclusively for the trial court. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Dennison* v. *State* (1952), 230 Ind. 353, 103 N. E. 2d 443; *Schlegel* v. *State* (1950), 228 Ind. 205, 91 N. E. 2d 167; *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445.

The finding of the trial court is sustained and the judgment in this case must be affirmed.

Jackson, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, C.J.—In my opinion the majority opinion is in error and I dissent thereto.

The physical facts delineated in the record in this cause are such that in my opinion they fail to sustain the averments of the affidavit and do not overcome the presumption of innocence that surrounds the defendant-appellant.

The gravamen of the offense charged in the affidavit lies in the words ". . . did then and there unlawfully in a rude and insolent manner fondle and caress the body of one . . ., a female child under the age of twelve years, to-wit: nine (9) years of age, by then and there touching the private part of said child, thereby frightening, exciting and tending to frighten and excite such child, . . . ."

The testimony of the witness Phyllis Ford on direct examination is substantially as follows.

My name is Phyllis Ford. I am eleven years of age and reside at 1505 Third Street, Fort Wayne, Indiana. I live with my uncle, Reverend Calvin Perry. Two years ago I lived with my uncle, Ollis Perry, at 808 East Lewis Street. I knew a man named Willie Tubbs who lived at 809 East Lewis Street, I think in the same block in which my uncle lived. I know Callie Tubbs, Willie Tubbs' wife. I am in the fifth grade in school. I did not pass when I was in the fourth grade, but since I have been living with Reverend Perry I have been doing better with my school work. My uncle Ollis Perry was not able to help me because he is blind. A couple of years ago when I lived with Ollis Perry, on September 7th, I was in the apartment of Willie Tubbs. I used to go there practically every other day. On that day I went to the apartment, Mrs. Tubbs was in the kitchen writing a grocery list and while that was going on I was sitting on the couch. Mr. Tubbs got on the couch with me and went up under my dress and felt my privates with his fingers. I got up and went downstairs and went home. This is not the first time this had happened. On September 7th Mrs. Tubbs asked me to go to the store for her. The apartment was two rooms with the kitchen and bedroom located on the second floor. The building is located in Allen County. I don't know how old Mr. Tubbs is. There was no one else in the apartment on the 7th day of September besides Mr. and Mrs. Tubbs and myself. I have never gone back to the apartment. The 7th day of September was the only time he ever attempted to put his

hands under my dress. I did not tell my uncle or anyone else. Before that day Mr. Tubbs had felt my legs. I remember one other time in the summer time, his wife called me up and I was sitting on the couch and he went up under my dress again. This happened several times. Once when he did it, I went downstairs to the landlord's house.

In response to the question, "Was his wife ever in the room when these things happened," she answered, "Yes."

She further testified on cross examination that she did not tell Mrs. Tubbs, her uncle or anyone else what had happened. She did not tell her aunt, her brothers or her sisters anything about it. She didn't remember whether the incident occurred on Tuesday, Wednesday, Thursday or Friday. All she knew was that it was on September 7th.

On re-direct examination she testified that her uncle found out about this when he was told by Mrs. Fikes, that he called the police and that she talked to the policeman.

On re-cross examination she further testified that she did not know when Mrs. Fikes told her uncle. She thought she was in school, but she did not remember the month or the year.

The record is so full of contradiction and uncertainties that in good conscience the judgment of conviction should not be permitted to stand.

There is no corroborative evidence of any kind to sustain the story of this eleven year old about an event that happened two years prior to the time she testified and about which she made no complaint to anyone.

We have often said we will not weigh evidence on appeal, but we may review the evidence to determine whether there is sufficient evidence of probative value to sustain the verdict or judgment. *Thomas* v. *State* (1958), 238 Ind. 658, 154 N. E. 2d 503; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

In the case at bar, the evidence adduced falls far short of

that required to sustain the conviction because there is no substantial evidence of probative value from which a reasonable inference of guilt could be drawn.

The motion for new trial should have been sustained and a new trial granted for the reason that the record is totally devoid of any substantial evidence of probative value to sustain the finding and the judgment of the court.

The judgment should be reversed.

NOTE.—Reported in 232 N. E. 2d 360.