BUCKNER *v.* STATE OF INDIANA.

[No. 168-S-16. Filed June 24, 1969. No petition for rehearing filed.]

380

*William H. Williamson,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Rex P. Killian,* Deputy Attorney General, for appellee.

DeBruler, C. J.—This is an appeal from a conviction for unlawful possession of Marihuana in violation of the Uniform Narcotic Act, Burns' Ind. Stat. Ann. § 10-3520. The affidavit in Count I charged an unlawful sale, and in Count II charged unlawful possession. In a trial by court the appellant was found guilty on Count II and sentenced to 2 to 10 years in prison. The record is silent as to the verdict on Count I.

The grounds for the motion for a new trial were as follows: (1) The finding of the court is not sustained by the evidence. (2) The finding of the court is contrary to law.

In reviewing a case upon such allegations of error we must look to the facts most favorable to the State's case. *Stone v. State* (1968), 251 Ind. 198, 15 Ind. Dec. 346, 240 N. E. 2d 487; *Rogers v. State* (1968), 249 Ind. 592, 15 Ind. Dec. 37, 233 N. E. 2d 654. On this view the facts are these: On March 23, 1967, Officer Owen and Officer Crawley of the Indianapolis Police Department, at approximately 8:00 p.m., searched a previously reliable police informant named Randy McGowan in preparation for having McGowan make a purchase of Marihuana. They removed all of his personal possessions and gave him a ten dollar bill. From then until he returned to them McGowan was under the constant surveillance of both the police officers. McGowan left the police officers and met the appellant in front of the pool hall where appellant worked. The police officers saw the appellant hand McGowan a small package and McGowan hand the appellant the ten dollar bill. When McGowan returned in about fifteen minutes the officers searched him and found the only item in his possession was a small manilla envelope. The ten dollar bill was missing. Officer Owen opened the envelope and saw that it contained a dry greenish substance whereupon both police officers initialed and dated the envelope. The package was turned over to the police lab where the contents were analysized and found to be Marihuana. The package was introduced into evidence as State's Exhibit No. "1". McGowan did not testify at the trial. The appellant testified that he could not recall seeing McGowan on the evening in question and he denied handing anything to McGowan or receiving anything from McGowan.

In support of the allegation that this evidence was not sufficient to sustain the decision, appellant argues that the State's case is vague, ambiguous, is a mere "inference on an inference", and was rebutted at all points by testimony of the appellant. In reviewing a conviction this Court does not weigh the conflicting evidence but examines the record to see if there was sufficient evidence of

probative value on each element of the crime alleged to sustain the verdict. *Greenwalt v. State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Davis v. State* (1968), 250 Ind. 54, 13 Ind. Dec. 456, 234 N. E. 2d 853; *Corbin v. State* (1968), 250 Ind. 147, 13 Ind. Dec. 208, 234 N. E. 2d 261. Appellant does not show the Court any specific "inference drawn on another inference" and in any case there is no general rule in Indiana against such a procedure.

In *Orey v. Mutual Life Ins. Co. of New York* (1939), 215 Ind. 305, 19 N. E. 2d 547, this Court said:

"It has often been said that there is a rule of law to that effect, but the statements are so interspersed with recognition of exceptions that we must conclude with Professor Wigmore that: 'There is no such rule; nor can be.' Wigmore on Evidence, 2d Ed., Vol. 1, § 41, p. 258. In an extensive note on the subject in 95 A.L.R. 162, it is said on page 182: 'It seems clear after examination of all of the cases which have discussed the question, that there is no such general rule in the sense in which the language itself implies, and that if, in a sense, such a rule may be said to exist, the phraseology used to express it is inaccurate and misleading, and the meaning is quite different than appears upon its face. The courts have apparently often used this phraseology merely as a convenient way of disposing of evidence which it regarded as too remote or uncertain to prove the ultimate facts at issue. The language has become a sort of judicial slogan, used carelessly, inaccurately, and to the confusion of the profession. The statement of the rule in many of the cases, that an inference cannot be based on an inference, shows that what is meant primarily is that an inference cannot be based upon evidence which is uncertain or speculative, or which raises a merely conjectural possibility.'

". . . A fact may sometimes be established by circumstantial evidence more firmly and thoroughly than by direct, but conflicting evidence and when a fact is so established by inference it is as logical and reasonable a basis for further inferences of fact established by direct evidence."

See also *Brown v. State* (1941), 219 Ind. 21, 36 N. E. 2d 759; *Shutt v. State* (1954), 233 Ind. 169, 117 N. E. 2d 892.

The appellant further alleges that the testimony of McGowan is "a necessary link in the evidence" and without this testimony "the chain of evidence is broken". We do not believe the testimony of McGowan was necessary to prove the appellant had possession of Marihuana. Two police officers observed the appellant in possession of a small package, observed the appellant hand it to McGowan whom they had previously searched, observed McGowan until he returned to them, searched McGowan and found nothing except a small package. That package, in fact, contained Marihuana. The facts as developed by the State at the trial without the testimony of McGowan were sufficient to permit a reasonable trier of fact to infer that the appellant was guilty of possession of Marihuana. *Stone v. State, supra; Rogers v. State, supra.*

The appellant next argues that the State was in control of McGowan and the failure to produce him at the trial gave rise to an inference that his testimony would not be favorable to the State.

The State denied that they could produce McGowan for the trial. Even if the State could have produced McGowan for the trial, the State's failure to do so would only *permit* the trier of fact to infer that McGowan's testimony would not be favorable to the State. *Lee v. State* (1901), 156 Ind. 541, 60 N. E. 299; *Keifer v. State* (1933), 204 Ind. 454, 184 N. E. 557; 29 Am. Jur. 2d 224; 2 Wigmore § 285. However, on review of the trial court decision, this Court is limited to looking at the evidence most favorable to the State together with all reasonable inferences that may be drawn therefrom. *Byassee v. State* (1968), 251 Ind. 114, 15 Ind. Dec. 234, 239 N. E. 2d 586; *Thomas v. State* (1967), 248 Ind. 447, 14 Ind. Dec. 569, 229 N. E. 2d 722. When we do so we see that there was sufficient evidence of probative value on each element of the crime alleged to sustain the verdict.

The appellant's last argument is that the verdict on the two counts is contrary to law because it is inconsistent. Count I charged that:

". . . Lavon Buckner on or about the 23rd day of March, A.D. 1967, at and in the County of Marion and the State of Indiana, did then and there unlawfully *sell and dispense unto Randy McGowan,* a certain narcotic drug, to-wit: Marihuana, a derivative of Cannabis, at a time and place when said sale was not authorized by the laws of the United States or the laws of the State of Indiana . . ." (Emphasis added.)

Count II charged that:

". . . Lavon Buckner, on or about the 23rd day of March, A.D. 1967, at and in the County of Marion and the State of Indiana, did then and there unlawfully and feloniously *have in his possession and under his control* a narcotic drug, to-wit: Marihuana, a derivative of Cannabis, and was not authorized by any law of the United States of America or the State of Indiana to have such narcotic drug in his possession or under his control . . ." (Emphasis added.)

Appellant was found guilty on Count II and the record shows no verdict on Count I. Silence of the court on Count I is equivalent to a verdict of acquittal. *Smith v. State* (1951), 229 Ind. 546, 99 N. E. 2d 417. The appellant argues that the evidence of possession is inextricably tied to the alleged sale of Marihuana of which appellant was found not guilty and, therefore, he could not be acquitted of the sale and found guilty of the possession. We find nothing inconsistent in this verdict. The statute under which appellant was convicted states:

"(a) It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, compound or use any narcotic drug or drugs except as authorized in the laws of the United States or the state of Indiana, or for any person to be found in a public place under the influence of narcotic drugs." Burns' Ind. Stat. Ann. § 10-3520.

"Sale" is defined in Burns' § 10-3519(10):

"(10) 'Sale' includes barter, exchange, or gift, or offer, therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee."

"Sale" in all its definitions under the statute implies a transaction between persons, which is an additional element which need not be present in the case of possession.

The trier of fact determined that the evidence proved possession but not the additional element necessary to prove a sale. There is no inconsistency here. Appellant's argument was presented in *Spight v. State* (1967), 248 Ind. 287, 226 N. E. 2d 895, and was rejected except for a single dissenting judge. See also *Flowers v. State* (1943), 221 Ind. 448, 48 N. E. 2d 56; *Evans v. State* (1946), 224 Ind. 428, 68 N. E. 2d 546; *People v. Carner*, 117 Cal. App. 2d 362, 255 P. 2d 835.

Conviction affirmed.

Arterburn, Givan and Hunter, JJ., concur; Jackson, J., dissents.

NOTE.—Reported in 248 N. E. 2d 348.