MCDONALD v. STATE OF INDIANA.

[No. 869S182. Filed September 15, 1970.
Rehearing denied December 30, 1970.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by indictment with the crime of assault and battery with intent to gratify sexual desires. Upon trial without the intervention of a jury appellant was found guilty as charged and sentenced to the Indiana State Prison for not less than two nor more than 21 years.

The evidence in the case is as follows:

On the 15th day of August, 1968, the alleged victim, a child three years of age, was seen by a neighbor to be admitted to the home of the defendant by the defendant. A short time later the child's mother in searching for her child came to the home of the appellant and finding the door half open, knocked and then entered the house. She testified that when she entered her daughter was lying on a studio couch and that her pants were pulled down. The appellant was lying on the couch beside her with his trousers off and the lower portion of his body exposed. The mother testified that when she entered the room the appellant jumped up and tried to pull his clothing on. The mother stated that she grabbed her child and left the house. She stated that the child was not crying, but she was just staring and "looked like she was scared." She stated that the child did not normally look the way she did at that time.

The three-year old child did not testify at the prosecution. The sole evidence concerning the actions of the appellant was the testimony of the mother.

The appellant claims there is insufficient evidence upon which to base the finding of guilty for the reason that the State relied solely upon the uncorroborated evidence and testimony of the mother. The appellant alleges that the State endorsed the names of six State witnesses on the indictment and only used the testimony of one. This Court

has never held that it was necessary for the State to call all of the witnesses named in an affidavit. All that is required of the State is to make a prima facie case with the evidence that is in fact submitted. *Buckner* v. *State* (1969), 252 Ind. 379, 248 N. E. 2d 348, 18 Ind. Dec. 103.

The appellant states that there is no showing that the victim was excited or frightened as alleged in the indictment. With this we cannot agree. The testimony of the mother was that the child was staring in such a manner as to indicate that she was scared. We think this was sufficient evidence upon which the trial court could find that the child was in fact frightened. *Tubbs* v. *State* (1968), 249 Ind. 325, 232 N. E. 2d 360, 12 Ind. Dec. 392.

Appellant also alleges that there is no evidence that he ever touched the victim of the alleged assault. It is true that the mother testified that she did not see the appellant actually touch her daughter. However, we feel there was ample evidence from which the court could infer that a touching had actually occurred. The child was only three years of age. She had entered the home of the appellant in the middle of the afternoon. The fact that she was found a short time later on a studio couch in that home with her pants down, and the fact that the appellant was lying beside her with the lower part of his body exposed is a set of facts which, when presented to the trier of fact, would lead to the undeniable inference that the appellant had in fact touched the child in the manner alleged in the indictment.

Appellant also argues that even if a touching was established there is no evidence that the touching was done in a rude and insolent manner. We again refer to the facts as above recited and hold that such facts are ample evidence for the trial court to draw the inference that the touching was in fact done in a rude and insolent manner.

Appellant cites the case of *Markiton* v. *State* (1957), 236 Ind. 232, 139 N. E. 2d 440, for the proposition that a mere

touching alone is not sufficient to constitute the crime charged, and that in addition to the touching the State must prove beyond a reasonable doubt the specific intent at the time of the touching was to gratify sexual desires. With this we agree. However, the trial court was certainly well within the bounds of all reasonable inferences to determine that the appellant under the circumstances did in fact have the intent to gratify his sexual desires at the time of the assault on the child. *Hale* v. *State* (1967), 248 Ind. 630, 230 N. E. 2d 432, 11 Ind. Dec. 446.

The trial court is, therefore, in all things affirmed.

Hunter, C.J., and Arterburn, J., concur; DeBruler, J., concurs in result; Jackson, J., dissents without opinion.

NOTE.—Reported in 261 N. E. 2d 852.