ALLEN PETTIGREW *v.* STATE OF INDIANA.

[No. 2-274A53. Filed August 18, 1975.]

*Donald S. Eisenberg,* of Madison, *Arnold Paul Baratz,* of counsel, of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—After a jury trial, appellant Pettigrew was found guilty of both possession of heroin[1] and sale of heroin.[2]

1. Acts 1935, ch. 280 § 2 (repealed 1973).
2. Acts 1935, ch. 280 § 2 (repealed 1973).

He argues that the charging affidavit is impermissibly vague; that the trial court erred in failing to declare a mistrial; that the evidence of sale is insufficient; and that his conviction for both possession and sale is contrary to law.

We reverse the conviction for sale of heroin and affirm the conviction for possession of heroin.

The evidence most favorable to the State reveals that on October 20, 1972 four Indianapolis Police Department narcotics detectives were conducting a search of a certain house located in Indianapolis. During the course of the investigation, Detectives Bilbrey and Horn left the house. They stationed themselves on a highway overpass a short distance away and kept the house under surveillance. The other two detectives remained in the house with the occupant, Joann Milton, with whom Pettigrew had had a "close personal affair."

With the detectives so positioned, Pettigrew arrived on the scene in an auto. After parking, Pettigrew walked onto the porch of the house and approached the door. Before gaining entry, he returned to the edge of the porch and dropped a white envelope on the ground beside the porch steps. He then returned to the door, knocked and was admitted.

Pettigrew's actions were observed by Bilbrey and Horn who then radioed the two detectives inside, instructing them to detain Pettigrew. Bilbrey and Horn returned toward the house and retrieved the envelope which had the name of Pettigrew's wife written on the front as follows: "Pettigrew, Mabel." The envelope contained forty (40) individually wrapped foil packages of heroin.

Testifying in his own behalf, Pettigrew denied any connection with the envelope and claimed that he was merely attempting to visit an acquaintance.

## APPELLANT DID NOT PRESERVE ALLEGED ERROR WITH RESPECT TO THE AFFIDAVIT

Pettigrew attempts to attack the charging affidavit under the theory that it would be impossible for a neutral and de-

tached magistrate to conclude from the affidavit that probable cause existed to believe the crimes had been committed and that he (Pettigrew) had committed them.

To the extent that this misplaced argument can be considered a challenge to the sufficiency of the charging affidavit, it fails because Pettigrew did not challenge the charge prior to trial. *Thurman* v. *State* (1974), 162 Ind. App. 267, 319 N.E.2d 151.

## THE TRIAL COURT DID NOT ERR IN FAILING TO DECLARE A MISTRIAL

During the trial, the State made repeated unsuccessful attempts to introduce testimony of Detective Bilbrey concerning a telephone call allegedly made by Pettigrew to Joann Milton. Pettigrew made numerous objections to the testimony, all of which were sustained. Nevertheless, Pettigrew contends that the repeated attempts by the State to introduce evidence of the phone call so prejudiced the jury that the trial court should have declared a mistrial.

This argument must fail. As the State correctly observes, Pettigrew at no time moved for a mistrial. Likewise, he failed to request that the jury be immediately instructed to disregard the references to the phone call. All of Pettigrew's objections to the disputed testimony were sustained. Furthermore, the trial court gave Defendant's Instruction No. 1 admonishing the jury to disregard all references to the telephone call. Pettigrew has no complaint when the trial court did all he asked.

## THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE CONVICTION FOR SALE OF HEROIN

Pettigrew contends with reference to his conviction for sale that, at most, the evidence proves he attempted to hide the heroin in an effort to prevent being apprehended with it on his person.

The statute under which Pettigrew was convicted[3] defines "sale" as follows:

"(10) 'Sale' means any and every sale and includes barter, exchange, gift or offer thereof (whether or not the offerer has the present ability to complete said transaction), manufacture, processing, transporting, handling, packing or any other production."

"Sale" implies a transaction between persons. *Buckner* v. *State* (1969), 252 Ind. 379, 248 N.E.2d 348.[4]

The record in the instant case is devoid of evidence tending to prove any transaction or communication between Pettigrew and any other person with reference to the heroin. Likewise, there is no evidence tending to prove the existence of a distribution scheme or prearranged sale. Furthermore, the manner in which Pettigrew disposed of the heroin would not support an inference of intent to deliver or dispense.

The evidence of possession of heroin is conclusive beyond a reasonable doubt. However, mere proof of possession is insufficient to support a conviction for sale. *Buckner* v. *State, supra.* Therefore, the conviction for the sale of heroin must be reversed.

We consider ourselves obligated to order discharge upon the sale count rather than retrial. To do otherwise is to place the trial court in the untenable position, in the event of a subsequent retrial and conviction upon the sale count, of vacating that conviction or, in the alternative, vacating the possession conviction which we herein affirm. *See Thompson*

3. Acts 1935, ch. 280 § 1, as amended, Acts 1961, ch. 90 § 1; Acts 1971, P.L. 468, § 1 (repealed 1973).

4. At the time *Buckner* was decided, "sale" was defined as follows:

"(10) 'Sale' includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee."

"Sale" as defined at the time Pettigrew was alleged to have violated the statute included manufacture, processing, transporting, handling, packing, or any other production. Reason dictates that before any of these activities could support a conviction for sale, there must exist evidence from which a reasonable inference could be drawn that such activities were done in preparation for or in furtherance of an underlying sale agreement or distribution scheme.

v. *State* (1972), 259 Ind. 587, 290 N.E.2d 724, cert. den. 412 U.S. 943, 93 S.Ct. 2788.

The conviction for possession of heroin is affirmed. The conviction for sale of heroin is reversed and the defendant is ordered discharged as to that charge.

Buchanan, J., concurs; White, J., concurs with separate opinion.

CONCURRING OPINION

WHITE, J.—My reason for directing appellant's acquittal of the charge of selling heroin is that to order a new trial would violate his right not to be put in jeopardy twice for the same offense. Indiana Constitution, Art. I, § 14; United States Constitution, Amendments V and XIV; *Sapir* v. *United States* (1955), 348 U.S. 373, 75 S.Ct. 422, 99 L.Ed. 426; Thompson, *Reversals for Insufficient Evidence: The Emerging Doctrine of Appellate Acquittal*, 8 Ind. L. Rev. 497. Furthermore, statutory law requires that we direct appellant's discharge. Ind. Ann. Stat. §§ 35-1-47-10 and 35-1-47-13 (Burns Code Ed., 1975). *Sudlow* v. *State* (1921), 75 Ind. App. 292, 130 N.E. 429. See, also, *Ritchie* v. *State* (1963), 243 Ind. 614, 189 N.E.2d 575, wherein the Indiana Supreme Court held the evidence insufficient to sustain the rape conviction but sufficient to have convicted defendant of the lesser offense of assault and battery with intent to gratify sexual desires. The rape conviction was ordered modified by reducing it to the lesser included offense proven. Here, of course, the trial court has already convicted and sentenced defendant on the lesser offense. One statement in the *Ritchie* opinion is nevertheless appropriate here:

> "It seems to us that justice is best served by avoiding a second trial over facts already found where a fair trial has taken place. If error had occurred therein which prejudiced the accused so that the trial was unfair, the appellant would, of course, be entitled to a new trial." (243 Ind. at 623.)

If appellant had been convicted on *sufficient* evidence in a trial which was, however, unfair because of some previous procedural error, he would not have been denied an acquittal to which he was constitutionally entitled, but would have been denied a fair trial to which he was constitutionally entitled. Under such circumstances, he would have no right to an appellate (or trial) court directed acquittal, but merely to a fair trial, which is to say a new trial. If he asked for a new trial and convinced either the trial court or an appellate court that he had not had a fair trial, it would be no violation of his right against double jeopardy to try him a second time. His request would be a waiver. If, however, he demands a court directed acquittal but fails to show that the trial evidence of his guilt is insufficient, the request should be denied, even though he may show that trial court errors denied him a fair trial. Whether the trial court or an appellate court can grant a new trial conditioned on an express waiver of double jeopardy, or can infer a waiver from a general request for relief, absent a specific request for a new trial, are questions whose answers must await the appropriate case.

NOTE.—Reported at 332 N.E.2d 795.