HOWELL *v.* STATE OF INDIANA.

[No. 24,318. Filed October 30, 1928.]

*Robbins, Weyl & Jewett,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

TRAVIS, J.—Appellant was charged by indictment, in one count, with involuntary manslaughter (Penal Code §351, §2416 Burns 1926): That, by driving and operating an automobile at an unlawful, reckless and wanton rate of speed, at the speed of thirty-five miles per hour, over Thirty-eighth Street in Marion County (§16, ch. 300, Acts 1913, §10476c Burns 1914), which speed was greater than was prudent and reasonable, having regard to the traffic and the use of the highway, he, as a direct and immediate result thereof, unlawfully and feloniously drove the automobile against and upon Woaneta Franke, and thereby inflicted mortal wounds, which wounds caused her death.

Appellant drove the automobile north on Arlington Avenue, turned west, and drove on Thirty-eighth Street to a point east of Layman Avenue, the place where the accident occurred, a distance on Thirty-eighth Street of about 2,300 feet. Before the automobile turned into Thirty-eighth Street from Arlington Avenue, and before the accident, the deceased, age nine years, together with her sister Thema Franke, age twelve years, and Helen Ricks, age fourteen years, were walking east on the south side of the center of Thirty-eighth Street, approaching Layman Avenue. The three girls were hunting tin foil on the public highway. Thirty-eighth Street was improved with a cement concrete driveway, twenty feet wide, in the center of the public highway. As appellant drove west on Thirty-eighth Street, he first saw the three girls when they were between 200 and 250 feet west of him. They were then walking or standing on the south

side of the road. When appellant had approached to within sixty feet of the girls, walking apparently in the middle of the road, he sounded the horn. The two girls testified that they did not know of the approach of the automobile until it was within a few feet of them, although one of them was looking to the east before the accident. When the automobile was within the length of a desk (seen by witness in the court-room) from them, Woaneta, the deceased, saw some tin foil or something on the north side of the road, and at that moment started "tetering" across the paved roadway to the north, directly in the path of the oncoming automobile. When Woaneta started "tetering" across the street, both the other girls screamed to her, and appellant sounded his horn and applied the brakes of the automobile, but she gave no attention and did not stop. The automobile collided with Woaneta and rolled or threw her to the north side of the paved roadway. The impact fractured her skull and injured her internally, one or the other of which injuries, or both, caused her death. At the time of the accident, the atmosphere was clear and the roadway was dry.

In the presentation of the case by the evidence at the trial, and by argument on appeal, the appellee stresses the speed at which appellant drove the automobile at the time of, and before the accident, on Thirty-eighth Street. The speed at which the automobile was moving west on Thirty-eighth Street before reaching what may be termed the danger point with reference to the three girls, according to the testimony of some of the witnesses, varied from "fast" to forty-five miles an hour. Before reaching the place where the two girls (companions of Woaneta) first saw the approaching automobile, appellant had reduced the speed of the automobile, but not to a speed that it could be stopped within the distance it was from Woaneta when she started across the

street to the spot where the automobile collided with her. The evidence does not show that the place where the accident occurred, or the roadway upon which the automobile was being driven, was within the corporate limits of any city or town.

Appellant pleaded not guilty to the charge by indictment. The issue was tried to the court, which found appellant guilty, and rendered judgment upon the finding. Appellant moved the court for a new trial because the finding: (1) Was not sustained by sufficient evidence; and (2) was contrary to law. Appellant pleads that the trial court erred by its action, overruling his motion for a new trial.

Appellant's proposition to sustain alleged error is: (1) That the evidence is not sufficient to establish the alleged fact that he was in the commission of the unlawful act as charged at the time of the alleged injury, and therefore is insufficient to establish the commission of the alleged unlawful act as charged; and (2) the evidence is not sufficient to establish the fact that the alleged unlawful act charged in the indictment to have been committed by appellant was the proximate cause of the injury to and death of Woaneta Franke, but maintains that the proximate cause of the injury to Woaneta Franke which caused her death, was her own act in suddenly running directly in front of the passing automobile of appellant, which would otherwise have passed by her in perfect safety. The rule of law pertaining to direct and proximate cause to sustain the propositions above made, as stated in the cited cases, *Dunville* v. *State* (1919), 188 Ind. 373, 123 N. E. 689; *Luther* v. *State* (1912), 177 Ind. 619, 98 N. E. 640; and *Potter* v. *State* (1904), 162 Ind. 213, 70 N. E. 129, 64 L. R. A. 942, 102 Am. St. 198, 1 Ann. Cas. 32, is relied upon by appellant to sustain his alleged error. The facts in the Dunville case are not greatly dissimilar to

the facts in the case at bar. In the Dunville case the little girl who was killed was two years and nine months old, and for aught that was shown in the evidence was not in a position, when she darted into the street, to have seen the dangerous agency which bore down upon her. In the case at bar, Woaneta Franke was nine years old, playing in the street, and had every opportunity to see the automobile which was approaching her, as she was proceeding on the street facing the oncoming automobile. Had she remained standing or had proceeded to walk in the course and upon the side of the street in which she had been walking when she was first seen by appellant, no matter what the speed of his automobile may have been when he first saw her, or at the time he passed her, she would not have been injured. She darted in front of the automobile when it was but a few feet (less than ten feet) from her. If it be admitted that appellant's automobile was traveling at a careless and negligent rate of speed at the time it hit Woaneta Franke and previously thereto, appellant did not swerve it to the left with intent to strike her at a point where she had theretofore been standing or walking. There is no evidence to show that appellant drove from a course in a straight line on the extreme north side of the paved portion of the street. If Woaneta Franke very suddenly placed herself in front of the automobile when it was approaching her, and at a time when appellant was within less than ten feet from her (half the length of the desk), the accident could not have been averted had the automobile been operated in the most careful manner by appellant. Under the circumstances as shown by the evidence in this case, it cannot be said that having regard to the traffic and use of the way, it was necessary that the automobile come to a stop to let the three girls walk past it. The movement of the automobile on the north side of Thirty-eighth Street was not the natural

and continuous act which caused the injury, without the voluntary movement of Woaneta Franke by placing herself in the path of the moving vehicle, and without which the lamentable result which caused her death would not have occurred. Her movement from the south side to the north side of the center of the street, from her place of safety to a place of danger, was the intervening cause which, in connection with the movement of the automobile, caused the collision of herself and it.

Under the rules of law as laid down by the cases cited, it must be held that her act was the proximate cause of her death. And upon the authority of the law as pronounced in the cases cited, the judgment in this case must be reversed.

The action of the court overruling appellant's motion for a new trial was error. The cause is remanded with directions to the court to sustain appellant's motion for a new trial.

Judgment reversed.