## CROSS v. STATE OF INDIANA.

[No. 27,905.   Filed February 1, 1944.]

Milo C. Murray, of Gary, for appellant.

James A. Emmert, Attorney General, Frank Hamilton, First Assistant Attorney General, and Frank E. Coughlin, Deputy Attorney General, for the State.

SHAKE, J.—The only question presented by this appeal is whether the evidence sustains the appellant's conviction of involuntary manslaughter. The appellant concedes that the evidence was sufficient to authorize the jury to find that he intentionally operated his automobile at a rate of speed and under such circumstances as manifested a wanton and reckless disregard of the rights of others, and in violation of a criminal statute of this State; but he says that there was no proof that his said unlawful act was the proximate cause of the death of the person killed.

A statute, in effect at the time of the accident, made it unlawful to drive a vehicle on a highway at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and provided, further, that a speed in excess of 30 miles per hour in the residential district of any city should be *prima facie* evidence that such speed was not reasonable or prudent and that it was unlawful. Acts 1939, ch. 48, § 55, p. 289, § 47-2004, Burns' 1940 Replacement, § 11189-65, Baldwin's Supp. 1939.

There was evidence of the following facts: About 7 p. m., September 11, 1942, the appellant was driving an automobile westerly on Eighth Avenue in a residential district of the City of Gary. As he approached Arthur Street, an eight-year-old child was crossing the intersection directly from the southeast to the northeast corner. The appellant saw the child in the middle

of Eighth Avenue when his automobile was something more than 30 feet to the east of her. He sounded his horn and applied his brakes, but the child was struck. The automobile skidded 70 feet before it came to a stop and the child's body went 38 feet beyond. Witnesses testified that the appellant was driving at a speed of 60 miles per hour. Tests made by the police at the scene of the accident with the appellant's automobile revealed that at a speed of 30 miles per hour the vehicle could have been stopped within the distance between the point where appellant first applied his brakes and the point where the decedent was when she was struck. On this state of the record we must hold that there was evidence from which the jury could draw an inference that the unlawful speed at which the appellant operated his automobile was the proximate cause of the death.

The case at bar is readily distinguishable from *Dunville* v. *State* (1919), 188 Ind. 373, 123 N. E. 689; *Howell* v. *State* (1928), 200 Ind. 345, 163 N. E. 492, and *Luther* v. *State* (1912), 177 Ind. 619, 98 N. E. 640, relied on by the appellant. In each of those cases it was undisputably disclosed that the person killed had suddenly appeared before the moving vehicle under such circumstances as would have made the fatal accident inevitable, even if the defendant's conduct had been lawful.

The judgment is affirmed.

NOTE.—Reported in 52 N. E. (2d) 727.