CARTER *v.* STATE OF INDIANA.

[No. 30,922. Filed March 21, 1968.]

. *Samuel P. Moise,* of Gary, for appellant.

*John J. Dillon,* Attorney General, and *Douglas B. McFadden,* Deputy Attorney General, for appellee.

HUNTER, J.—The appellant herein is appealing from a conviction in the Criminal Court of Lake County, Indiana, of reckless homicide.

Prosecution was commenced on the basis of an affidavit charging the appellant with the above stated crime, appellant entered a plea of not guilty and thereafter trial was had before the court without the benefit of a jury. The trial resulted in the court returning a finding of guilty of the crime charged in the affidavit and fixed his punishment to be imprisonment on the Indiana State Farm for a period of not less than six months.

The error assigned and relied upon by the appellant is the overruling of his motion for a new trial. Specifically appellant complains that there was not sufficient evidence to prove the offense charged and that the verdict of the court was contrary to law.

The evidence and all logical and reasonable inferences that may be adduced therefrom will be viewed most favorable to the appellee, State of Indiana. *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794; *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727. The record of evidence reveals that on the afternoon and early evening of November 8, 1964, the appellant was helping his brother do some plumbing work at the latter's house. At or near com-

pletion of the work appellant drank one-half of a half-pint of whiskey straight. Immediately thereafter appellant drove off in his car, ultimately heading north on Wright Street in Gary, Lake County, Indiana. On this evening the weather was clear and there was no traffic on the street, however it was dark and appellant had turned on his headlights.

As appellant proceeded north on Wright Street at a speed of 40 to 45 miles per hour he felt or heard a bump or thump at the right front of his car. He immediately applied his brakes, leaving 106 feet of skid marks from the point of impact.

The deceased, a young boy, had come from a candy store on the west side of the street and had started to go across the street, from west to east, when he lost his shoe. When he had reached the extreme east side of the street, he started back for his shoe. At this point he was struck by appellant's vehicle on the right front fender. Appellant later testified that he did not see the boy, that he therefore did not swerve to avoid him and that he did not know he had hit him until after he had stopped and saw the child lying on the berm.

At this location Wright Street is wide, unlighted, in open country and has no posted speed limits. As indicated by both parties at oral argument, it is to be presumed that the speed limit was sixty-five (65) miles per hour, Ind. Anno. Stat. § 47-2004 (c) (1965 Repl.).

The investigating police officers testified that they observed that appellant was unsteady on his feet, he smelled of liquor, that he seemed confused and incoherent, that his speech was mumbled, that he had poor ability to understand, and that he completely missed his nose when he tried to touch it with his finger. Appellant's brother testified that appellant was hard of hearing. When taken to the police station, appellant voluntarily submitted to a drunkometer test, the results of which disclosed that appellant had .22 per cent blood alcohol. Ind. Anno. Stat. § 47-2003 (1965 Repl.) provides that evidence of .15 per cent blood alcohol is

*prima facie* evidence that the defendant was under the influence of intoxicating liquor sufficiently to lessen his driving ability within the meaning of the statutory definition of reckless homicide.

The affidavit charges reckless homicide, and the statute which sets forth this unlawful act is Ind. Anno. Stat. § 47-2001 (a), (1965 Repl.), which reads as follows:

> "Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another shall be guilty of the offense of reckless homicide."

Under an assignment that the verdict is not sustained by sufficient evidence this Court will not weigh the evidence and will not disturb the verdict on appeal if there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt. *Reno* v. *State* (1967), 248 Ind. 334, 228 N. E. 2d 14. Appellant raises two issues on the question of sufficient evidence: that of recklessness and that of causation.

The blood alcohol content of the blood is only *"prima facie"* evidence that the defendant was under the influence of intoxicating liquor sufficiently to lessen his driving ability . . ." The evidence, most favorable to the State, clearly shows that appellant was driving in a straight course on the north side of the paved portion of the street, appellant's automobile was traveling at a speed well within the speed limit, the operation of the vehicle was apparently in a proper manner, and appellant immediately on hearing a bump was able to stop the vehicle within 106 feet from the point of impact. Such evidence overcomes the presumption heretofore stated. There are no other evidentiary facts nor considered proof which establishes that the appellant acted or failed to act in a manner of reckless disregard for the safety of other persons or in heedless indifference of results which might follow. See *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919, for the requirement of recklessness in a reckless homicide prosecution.

Assuming that appellant did drive in an unlawful manner the State must prove that such was the direct and proximate cause of the death. *Dunville* v. *State* (1919), 188 Ind. 373, 123 N. E. 689; *Howell* v. *State* (1928), 200 Ind. 345, 163 N. E. 492. From all that is shown by the evidence, the accident would have occurred had appellant been proceeding in the most careful manner. The facts in *Howell, supra,* in attempting to show proximate cause are quite similar to the case at bar. In that case the defendant drove an automobile along a paved road at a speed of thirty-five miles per hour and collided with a nine-year old girl, who, with two companions, was proceeding along the road facing the oncoming automobile, but on the opposite side of the road from the car, and the deceased; when the car was within ten feet of her, suddenly darted in front of the automobile. In that case, as in the instant case, the acts of the appellant were not the proximate cause of death. In both situations from the facts proved it was the sudden movement of the deceased, which was the proximate cause of the death.

Under the rules of law as laid down by this Court when applied to the record of evidence in the case at bar, we must hold that the decedent's act was the proximate cause of his death. *Howell, supra.*

For all the foregoing reasons we hold that the trial court erred in not sustaining appellant's motion for new trial, therefore this cause is reversed and remanded with instructions to sustain appellant's motion for new trial.

Judgment reversed.

Lewis, C. J., Arterburn, Jackson and Mote, JJ. concur.

NOTE.—Reported in 234 N. E. 2d 850.