STONE, JR., AND RADFORD *v*. STATE OF INDIANA.

[No. 667S28 and No. 667S29. Filed September 23, 1968. Rehearing denied October 31, 1968.]

*Frank P. Huse, Jr.,* and *Frederick J. Graf,* of counsel, of Indianapolis, for appellant, Donald L. Stone, Jr.

*David B. Caldwell,* and *Frederick J. Graf,* of counsel, of Indianapolis, for appellant, Richard L. Radford.

*John J. Dillion,* Attorney General, *Duejean C. Garrett,* Deputy Attorney General, and *Rex P. Killian,* Deputy Attorney General, for appellees.

HUNTER, J.—Appellants were charged with the commission of a robbery under Ind. Anno. Stat. § 10-4101 (1956 Repl.). Pursuant to a jury verdict, they were convicted and sentenced to imprisonment for ten to twenty-five years. The only error assigned is the overruling of appellants' motions for a new trial, and the motions for a new trial were based on two contentions;

"(1) That the verdict of the jury is not sustained by sufficient evidence, and

(2) That the verdict of the jury is contrary to law."

The appellants' assignment of error in context of their motions for a new trial present only a question of the sufficiency of the evidence. Therefore, this Court may only look to the evidence most favorable to the State in the determination of this appeal. *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794.

Thus, the evidence, when viewed most favorably to the State, may be summarized as follows: At approximately 8:30 P. M. on December 29, 1966, four men entered the Family Liquor Store located at 1308 Oliver Avenue, Indianapolis, Indiana, which was owned and operated by Julius and Johanna Cohen. The men huddled near the front door for a few minutes. Two of the men then approached Mr. Cohen and displayed a pistol; a third man, later identified by both Mr. and Mrs. Cohen as appellant Stone, approached Mrs. Cohen and displayed a silver gun; and the fourth man, later identified by both Mr. and Mrs. Cohen as appellant Radford, remained near the door some fifteen feet away. One of the men took approximately one thousand, seven hundred seventy-two dollars ($1,172) in ten, five and one dollar bills, all of which belonged to Mr. and Mrs. Cohen as owners of the Family Liquor Store.

At approximately 8:41 P. M., having been alerted of the robbery, Officer Robert Potter of the Indianapolis Police Department spotted appellants and a third subject near Stone's automobile about three-quarters of a mile from the scene of the robbery. Officer Potter ordered them to stop, but appellant Stone proceeded to enter his car, backed up and began to pull away. Officer Potter pulled his squad car alongside Stone's car to prevent them from leaving.

In searching the car, Officer Potter discovered two pistols behind the center arm rest, one of which was identified by

Mrs. Cohen as being the silver gun which was held on her during the robbery. Officer Nicholas Chris found a bundle of money totalling four hundred fifteen dollars ($415) under the front seat of the car.

At approximately 9:10 P. M. of the same evening, the three subjects were returned to the scene of the robbery, and the Cohens observed the appellants for some five to ten minutes at a distance of about three feet. Positive identification of appellant Stone and appellant Radford was made at this time and again during the trial by both Mr. and Mrs. Cohen.

In support of the motions for new trial, appellants filed a memorandum alleging:

"1. That the eye-witnesses to the alleged crime admitted that they were frightened at the time said crime was committed and that they were unable to recall any specific details that occurred at that time except the fact that they were 'positive' that defendants had committed the robbery.

2. That an insufficient amount of time elapsed between the time of the commission of the alleged crime and defendants' apprehension to allow the defendants to travel from the place where the crime was committed to the place where they were apprehended.

3. That defendants were able to satisfactorily explain the presence of the large sum of money that was found in their automobile."

Suffice it to say that all three of these arguments are but alleged facts or inferences which were properly presented to the jury for their consideration, and the jury, having weighed all the evidence and being the sole judges of the credibility of the witnesses, notwithstanding these three arguments, determined that appellants had participated in the robbery. This Court, viewing the testimony of the two eyewitnesses and the arresting officers can and does find ". . . there is substantial evidence of probative value to sustain each material element of the crime charged beyond a reasonable doubt," and therefore, ". . . the verdict of the jury will not be disturbed by this Court . . ." *Harris* v. *State*

(1967), 249 Ind. 681, 231 N. E. 2d 800, 802. Accord, *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45, 47.

We therefore hold that there is no reversible error and that the verdict of the jury and the judgment of the trial court, duly found and entered against both appellants Stone and Radford, should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 240 N. E. 2d 487.