JOHNSON *v.* STATE OF INDIANA.

[No. 1267S138. Filed March 3, 1970. No petition for rehearing filed.*]

---

\* This appeal was assigned to this office on February 10, 1970.

*Frederick B. Robinson,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

HUNTER, C.J.—The appellant herein is appealing from a conviction of the offense of "inflicting injury while in the com-

mission of robbery." The affidavit charging the offense omitting the caption reads as follows:

". . . that Jimmy Cal Johnson on or about the 22nd day of January, A.D. 1967, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting Sherman Owens in fear, take from the person and possession of the said Sherman Owens, money, then and there of the value of Twenty Dollars ($20.00) in lawful money, which money the said Sherman Owens then and there lawfully held in his possession and was then and there the property of Sherman Owens and the said . . . Jimmy Cal Johnson while engaged in committing the robbery aforesaid, did then and there unlawfully and feloniously inflict a physical injury, to-wit: a wound in and upon the right shoulder of the said Sherman Owens, with a PISTOL then and there held in the hands of the said . . . Jimmy Cal Johnson, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant was charged pursuant to the provisions of Ind. Ann. Stat. § 10-4101 (1956 Repl.) which reads in pertinent part as follows:

"Robbery—Physical injury inflicted in robbery or attempt —Penalty.—. . . Whoever inflicts any wound or other physical injury upon any person with any firearm . . . , or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

Appellant was tried by jury in the Marion County Criminal Court, Division One, and found guilty as charged. Judgment was entered and appellant was sentenced to a life term at the Indiana State Prison. Upon the timely filing of a motion for a new trial and the overruling thereof by the trial court, appellant brings this appeal.

Appellant in said motion for new trial presents two allegations of error in the trial court: (1) That the verdict of the jury is not sustained by sufficient evidence, and (2) that the verdict of the jury and the judgment thereon are contrary to

law. Appellant combines both assignments of error in one argument in this appeal and said argument presents as the sole question, the sufficiency of the evidence.

In looking at the sufficiency of the evidence, this court on appeal will examine only that evidence and the reasonable inferences deducible therefrom which is most favorable to the state. *Carter* v. *State* (1968), 250 Ind. 50, 234 N. E. 2d 850; *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794; *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727. We will not upset the verdict of the jury if there is substantial evidence of probative value sufficient to establish every element of the ,crime beyond a reasonable doubt. *Liston* v. *State* (1969), 252 Ind. 502, 250 N. E. 2d 739; *Groce* v. *State* (1968), 250 Ind. 582, 236 N. E. 2d 597; *King* v. *State* (1968), 249 Ind. 699, 234 N. E. 2d 465; *Freeman* v. *State* (1967), 249 Ind. 211, 231 N. E. 2d 246; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809. Nor will this court weigh the evidence, or determine the credibility of witnesses. *Leaver* v. State (1968), 250 Ind. 523, 237 N. E. 2d 368; *Stock* v. *State, supra.*

Under the offense charged, to-wit: inflicting physical injury while engaged in the commission of robbery, four elements must be proven beyond a reasonable doubt:

(1) The infliction of physical injury;
(2) The taking from the person of another;
(3) An article of value;
(4) By violence or putting in fear.

*Locke* v. *State* (1969), 252 Ind. 480, 250 N. E. 2d 372. Our examination of the evidence in this case shall focus only on elements (2) through (4) since appellant himself admits to having shot and wounded Sherman Owens with a gun. His testimony to that effect was corroborated by witnesses at the scene of the shooting.

The facts as viewed most favorably to the state are as follows: state's witness Belfied Dowdy testified that he and his brother James Dowdy, his uncle Sherman Owens, and one Bobby Cantrell were gathered at his residence at 2045 Broadway, Indianapolis, on January 22, 1967, to shoot dice. According to Dowdy's testimony the appellant and two others, Ernest and Willie Graham, entered the game sometime during the evening of January 21st, and participated in the dice game until around 4:30 A.M. on the 22nd. At that time the appellant, Ernest and Willie Graham all got up, quit the game and left the house. According to Dowdy, appellant had been gone approximately five minutes when he heard a knock at his door. When he went to the door and opened it he saw appellant standing there holding a pistol. Dowdy testified that appellant announced that "it was a holdup and that he wanted the money."

The testimony of Belfied Dowdy, Sherman Owens and Robert Cantrell was substantially the same as to the following subsequent events: appellant forced at gunpoint all three witnesses to stand facing a wall with their hands thereon.

A shot was fired by appellant which struck Sherman Owens in the back below the collar bone, which shot caused him to fall to the floor. He was bleeding.

Apellant was then heard to say that if anybody else moved he would spill blood on the floor. He further stated to Sherman Owens that "I'm sorry I shot you but I asked you not to move." Appellant then went through Owens' pockets after the shooting. He also searched through the pockets of James Dowdy and Belfied Dowdy. The three men waited until approximately five minutes after the departure of appellant whereupon they called the police.

Furthermore Belfied Dowdy testified that appellant took $25.00 from him and that he took some money out of Sherman Owens' pocket, and "from the table." State's witness

Bobby Cantrell stated that appellant took $20 from Sherman Owens after the latter was shot.

Finally, as to the infliction of physical injury, Sherman Owens testified that he spent $4\frac{1}{2}$ months in the hospital and that the doctors told him that his right side would be paralyzed for life.

Appellant in his brief argues that because the testimony upon which his conviction is based came from two witnesses who were related to each other and from a third witness who was a close friend, it is quite natural to expect that such witnesses are going to give testimony similar in nature. However it is a basic rule of evidence that the relationship among the witnesses at a trial goes to their credibility and to the weight of the evidence. And as we indicated earlier, these are matters for the jury to determine and not this court.

Apellant also argues that because there was a conflict in the testimony among the state's witnesses as to whether or not there was a dice game in progress during the early morning hours of January 22, 1967, the testimony was insufficient to support his conviction. However this contention must fail for the reason that the existence or non-existence of gambling activities is not an essential element to support a conviction for inflicting physical injury while in the commission of a robbery. Furthermore even if the conflicting testimony went to an essential element of the crime it is within the sole province of the jury to make findings of fact based on such conflicting testimony. We are bound by such findings unless there is a complete lack of evidence or any reasonable inferences in support of the verdict. It is the jury and not this court which is in the best position to beileve or disbelieve the testimony of witnesses and to determine their credibility.

In view of the evidence set out above together with the reasonable and logical inferences deducible therefrom, we hold as

a matter of law that there was sufficient evidence to sustain the jury's verdict of guilty and that the verdict and judgment are therefore not contrary to law.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 255 N. E. 2d 803.