CLEVELAND COX *v.* STATE OF INDIANA.

[No. 1-573A91. Filed January 31, 1974. Rehearing denied March 5, 1974. Transfer denied June 7, 1974.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Cleveland Cox was charged with the offense of armed robbery, tried by jury, and found guilty of robbery. The issues presented for review in this appeal are whether the trial court erred in overruling appellant's two separate motions to withdraw submission of the cause from the jury due to alleged improper remarks by the prosecuting attorney during closing argument.

## ISSUE 1.

During trial, State's witness Joseph Holfelner identified appellant as the person committing the robbery. Appellant alleges that the prosecuting attorney improperly commented on the witness' credibility during closing argument. The argument, motion, and ruling of the court were as follows:

> "MR. KIELY: . . . Joseph Holfelner, now, he was very impressive to me. *I thought he was a very bright young man; that had a lot of things on the ball—*
>
> "MR. BUNNER: At this time the defendant moves for a withdrawal of the submission of the cause for the reason that the Prosecuting Attorney during closing arguments is commenting upon the credibility of the witness, and giving his opinion as to the credibility of the witness. I move for a withdrawal of the submission.
>
> "COURT: The motion is overruled." (Our Emphasis.)

Appellant contends that he was denied a fair trial by reason of the above comment, the substance of his argument being that it amounts to unsworn testimony by the prosecuting attorney.

In support of his position, appellant has cited several decisions, all of foreign jurisdiction. We have examined each of these decisions and found them to be inapplicable to the case at bar. The statement here in question does not approach the severity of the comments proscribed in those decisions.

For example, in *United States* v. *Lamerson* (5th Cir. 1972), 457 F.2d 371, the following comment by the prosecuting attorney during closing argument was held to constitute prejudicial error:

"... And, I think Officer McPherson and Agent Stymus [sic] showed sincerety. I *firmly believe* what they said is the truth. *I know it is the truth,* and I expect you do, too."

In arriving at their conclusion, the court said:

"... It is somewhat indiscrete for the prosecutor to comment on his own personal assessment of the credibility of the witnesses, even when that assessment derives solely from what the witnesses have said while on the stand. When he makes a statement which could be construed by the jury as implying that he has additional reasons for knowing that what one witness has said is true, which reasons are not known to the jury, such comment is no longer mere indiscretion but constitutes reversible error."

Clearly, the statement complained of in the instant case raised no implication that the prosecuting attorney had additional reasons for knowing the veracity of Holfelner's testimony.

Although we have found no cases in this jurisdiction speaking directly to this question, we are confident in concluding that appellant could not have been prejudiced by the prosecuting attorney's comment.

We therefore hold that appellant has failed to demonstrate that the trial court abused its discretion in overruling the motion to withdraw submission of the cause from the jury.

### ISSUE 2.

Appellant next submits that the trial court erred in overruling his motion to withdraw submission of the cause from the jury following a second alleged improper remark by the prosecuting attorney during closing argument. The remark, objection, and court's ruling were as follows:

"MR. KIELY: ... It's been proven by any doubt, let alone beyond a reasonable doubt, and we submit to you that this

is a serious, serious crime, and Evansville just does not need armed robbers around this town; that's what it gets down to—

"MR. BUNNER: At this time the defendant will move for the withdrawal of the submission for the reason of misconduct on the Prosecuting Attorney's part in commenting upon the community, and move for a withdrawal of the submission.

"COURT: The motion is overruled."

It is asserted that the prosecuting attorney's comment was an attempt to imply that appellant had been previously convicted of the crime of armed robbery and that such comment was improper since there is nothing in the record indicating that appellant was ever convicted of that offense.

We first note that appellant's argument on appeal is based on grounds different from those presented in his motion at trial. Technically, therefore no question is before this court for review. *Jones* v. *State* (1973), 260 Ind. 463, 296 N.E.2d 407; *Johnson* v. *State* (1972), 258 Ind. 683, 284 N.E.2d 517. However, we have determined that appellant's argument must also fail on the merits.

In our opinion, the statement does not refer to any possible previous convictions or prior criminal acts. Rather it was confined to the issues in contention at trial. Appellant had been charged with armed robbery, and testimony had been presented showing that he used a gun in committing the offense.

We therefore conclude that the trial court did not err in overruling appellant's second motion to withdraw submission of the cause from the jury.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 306 N.E.2d 107.