WAYNE SWININGER AND LARRY M. THOMAS *v.*
STATE OF INDIANA.

[No. 975S232. Filed August 10, 1976.]

*William R. Wilson,* of Lawrenceburg, *Harry L. Zerbe,* of Lawrenceburg, *Bobby Jay Small,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendants (Appellants) were convicted in a joint trial to a jury of (1) inflicting injury in the commission of a robbery,[1] (2) commission of a felony (robbery) while armed,[2] and (3) assault and battery.[3]

---

1. 35-13-4-6 [10-4101]. Robbery—Physical injury inflicted in robbery or attempt.—Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life. [Acts 1941, ch. 148, § 6, p. 447.]

2. 35-12-1-1 [10-4709]. Commission of or attempt to commit crime while armed with deadly weapon.—Any person who being over sixteen years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years. The penalty imposed by this chapter [section] is to be fixed by the court or jury trying the case, which sentence the court shall not have the power to suspend: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for any additional crimes being attempted or committed at the same time but that such term of imprisonment shall commence at the expiration of the imprisonment adjudged for any such additional crimes. [Acts 1929, ch. 55, § 1, p. 139; 1965, ch. 298, § 1, p. 819; 1969, ch. 206, § 1, p. 771; 1971, P.L. 453, § 1, p. 2092.]

All charges arose from the armed robbery of Vearl Hertel, at his package liquor store in the town of Brookville, Franklin County, and a physical injury inflicted upon him in the course of such robbery. The defendants were apprehended while attempting to escape, immediately following the robbery. They were each sentenced to life imprisonment upon the charge of inflicting injury and to imprisonment for a period of six months upon the assault and battery charge, said terms to run concurrently. Upon the charge of armed robbery, each defendant was sentenced to imprisonment for a term of twenty years, such term to run consecutively to the life term.

Three alleged errors raised by the motions to correct errors are presented by the appeal and a fourth, not so presented, is nevertheless reviewed as an assignment of fundamental error.

(1) Error in the admission of certain of the State's exhibits.

(2) Error in granting the State twenty peremptory juror challenges.

(3) Error in the denial of a motion for a change of venue from the county.

(4) Error in sentencing the defendants upon all verdicts.

---

3. 35-1-54-4 [10-403]. Assault and battery.—Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth birthday but has not attained his or her seventeenth birthday or fondles or caresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years: Provided further, That if such child has not attained his or her twelfth birthday, the punishment for such offense shall be imprisonment in the Indiana state prison for a period of time of not less than two [2] years nor more than twenty-one [21] years. [Acts 1905, ch. 169, § 354, p. 584; 1951, ch. 277, § 1, p. 285; 1961, ch. 321, § 1, p. 951.]

## ISSUE I

There has been no challenge to the sufficiency of the evidence. The defendants were apprehended shortly after the criminal acts were committed and while fleeing from the scene. The defendant, Thomas, was seen jumping from the escape automobile while it was being pursued by police officers, and he was arrested in a corn field into which he had fled. The defendant, Swininger, was arrested at the scene of his wrecked automobile which had gone out of control during the police pursuit. Three of the exhibits objected to were photographs depicting money found at the time of the arrests, and some of which was found upon each defendant and some in a box in the escape vehicle. The fourth exhibit objected to was five cans of beer in a six-can container.

The defendants contend that the exhibits objected to were irrelevant in that there was no testimony specifically identifying the money and the beer as the same as the money and the beer taken in the robbery. In support of this assignment, the defendants cite McCormick on Evidence, 2d Ed., § 185, which states that evidence that does not tend to prove the proposition for which it is offered is irrelevant and inadmissible. Such rule of evidence can not be questioned, but it is inapplicable in view of the relevancy of the exhibits admitted. A large sum of money had been taken in the robbery, much of it in coins. The sum recovered approximated the amount estimated to have been stolen. A six-can container of beer had also been taken. Among other items found in the possession of the defendants and admitted into evidence were bank checks made payable to the robbery victim and bank currency-bags and small boxes described by the victim as like those owned by him and also taken in the robbery.

The exhibits complained of tended to connect the defendants to the robbery and were therefore relevant and admissible. It is not required that the connection be absolute. The absence of a direct link goes only to the weight to be given to the evidence and not to its admissibility. *Colvin* v.

*State,* (1976) 264 Ind. 514, 346 N.E.2d 737; *Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E.2d 51; *Stone and Radford* v. *State,* (1968) 251 Ind. 198, 240 N.E.2d 487; *Foreman* v. *State,* (1938) 214 Ind. 79, 14 N.E.2d 546.

## ISSUE II

The defendants have briefed this issue in such manner as to indicate a claimed error in granting them, individually, an insufficient number of peremptory challenges. The motions to correct errors in the order book entry, however, reflect that the objections were addressed to the court's action in granting the State an excessive number of challenges. The brief asserts that each defendant was limited to ten peremptory challenges, while the State was permitted twenty, but the record does not bear this out. There was error committed in that the court granted to both the State and the defense double the number of peremptory challenges authorized by the statute, Ind. Code § 35-1-30-2, and 3 (Burns 1975). *Martin* v. *State,* (1974) 262 Ind. 232, 314 N.E.2d 60. There is some indication in the record that the defendants divided the defense challenges between them, but there is nothing to indicate that they were required to do so.

The defendants argue that each of them should have been permitted to exercise twenty peremptory challenges, for a total of forty defense challenges. They have cited us to the annotation in 21 A.L.R. 3d 725, in support of their contention that the use of the singular "defendant" in Ind. Code § 35-1-30-2 rather than "defendant or defendants," "respondent" or "the party" indicates a legislative intent that when two or more defendants are tried jointly, each should have the number of peremptory challenges allotted to a defendant who is tried alone. We acknowledge authority in some jurisdictions to that effect. The question does not appear to have been specifically passed upon in this state, but such has not been the practice. The defendants also argue that the provision of Ind. Code § 35-1-30-3 requiring that co-defendants "must join in their challenges" does

not bear upon the number of challenges allowed but merely resolves what would otherwise be a question of what to do when one defendant wishes to exercise a peremptory challenge and another does not. This position, we believe, is inapposite to the views of this Court expressed by Justice DeBruler in *Martin* v. *State,* (1974) on petition for rehearing, 262 Ind. 232, 317 N.E.2d 430; and we hold that defendants tried jointly are entitled, collectively, only to the same number of such challenges granted by the statute to a defendant tried alone.

The order respecting challenges was as follows:

"The Court now brings to the attention of respective counsel the question of peremptory challenges, and discussion is had. The Court rules that because of the penalties which may possibly be imposed upon the defendants, that the Court will permit both the defense and the prosecution twenty (20) peremptory challenges herein during the trial of this cause, and, pursuant to the statute, each challenge by a defendant will be considered a joint challenge by the defense."

The trial entry with regard to the objection was as follows:

"And now the voir dire of the jury is continued from yesterday. A pre-emptory challenge is made by the State of Indiana and defendant Swininger by counsel renews his objection for the reason that the State has now used fourteen (14) challenges and defendant Swininger has used ten (10) and been allowed no more by the Court; defendant Thomas through counsel joins in said renewed motion. The Court overrules and denies the joint motion of the defendants pursuant to *Burns Ind. Stat.* § 9-1502 and § 9-1503, which provides that both prosecution and the defense shall have the same number of challenges and the Court has given both the prosecution and the defendants twenty (20) challenges."

The issue presented by the motions to correct errors was as follows:

"The Court erred in granting the State twenty peremptory challenges during voir dire of the jury and only allowing the co-defendants twenty total peremptory challenges. This was in direct violation of Burns Indiana Statute 9-1503."

"That the Court erred and abused its discretion in granting the State twenty peremptory challenges during voir dire of the jury and only allowing the co-defendants twenty challenges between them. This was in violation of Burns Indiana Statute 9-1503."

Although the State was allowed an excessive number of peremptory challenges, twenty instead of ten, the defendants were jointly allowed the same number, and we perceive no harm to them by virtue of such error.

## ISSUE III

The defendants filed verified motions for a change of venue from the county, predicated upon local bias and prejudice. Counter affidavits were filed, and a hearing was held which culminated in a denial of the motion. Such changes are discretionary in non-capital cases, Ind. R. Crim. P. 12, and are subject to review only for clear error, often termed "abuse of discretion." *Dickens* v. *State,* (1973) 260 Ind. 284, 295 N.E.2d 613; *Brown* v. *State* (1969) 252 Ind. 161, 247 N.E.2d 76.

The defendants urged that they could not get a fair trial in Franklin County owing to pre-trial coverage of the case in the newspapers, the wealth and prominence of the victim of the robbery, and the fact that the defendant, Thomas, is a member of the black race. At the hearing, the defendant, Thomas, testified that he had heard threatening remarks made about him by visitors to the jail. Both defendants testified that they had been advised by other prisoners and by a deputy sheriff to get out of the county. There had been three newspaper articles published concerning the crime, such articles had had county wide circulation; and testimony from one of the deputy sheriffs indicated that it would be difficult to seat jurors that had no knowledge of the crime.

Notwithstanding that evidence of bias and prejudice was presented, such evidence was not so clear and convincing as to control the trial judge's decision; and even if we assumed that it was believed by the trial judge in its entirety, it did

not necessarily evidence such bias and prejudice as would likely hamper or interfere with the defendants' right to a fair trial. The newspaper articles were six weeks old at the time of the hearing, were straight factual reports and in no manner inflammatory. Although there may have been some prejudice in the community there was no reason to believe that any juror was so infected with preconceived opinions as to have been unable to judge the defendants wholly upon the law and the evidence adduced at the trial. The mere possibility of the existence of bias and prejudice in the minds of the jurors or even known bias and prejudice in the minds of some residents of the county do not entitle a defendant to a change of venue from the county in non-capital cases. The defendants acknowledge that in order to be entitled to such a change, it is necessary to demonstrate that such is necessary in order to insure a trial sufficiently free of bias and prejudice so as to protect the concept of a trial by an impartial jury of one's peers, as embodied in both the federal and state constitutions. The evidence presented upon such issue in this case did not demonstrate such necessity. The defendants cite *Brown* v. *State, supra,* as setting forth the standards applicable to the issue. We find nothing indicating that such standards were not applied.

## ISSUE IV

The armed robbery of which the defendants were convicted was clearly embodied in the infliction of injury of which the defendants were also convicted, just as their assault and battery of Mr. Hertel was embodied therein. A conviction upon the charge of inflicting the injury would have been a bar to the subsequent prosecution for the armed robbery. Consequently, a sentence should not have been imposed upon the verdict of guilty upon the robbery charge. *Johnson* v. *State,* (1974) 262 Ind. 164, 313 N.E.2d 535; *Johnson* v. *State,* (1970) 253 Ind. 570, 255 N.E.2d 803; *Coleman* v. *State, supra.*

We reach this issue as fundamental error, reviewable on

appeal notwithstanding the State's claim of waiver for failure to present the question in the motions to correct error. *Kleinrickert* v. *State*, (1973) 260 Ind. 537, 297 N.E.2d 822.

This cause is remanded to the trial court with instructions to vacate the sentence upon the armed robbery verdict but is affirmed in all respects with regard to the judgment upon the charge of inflicting injury in the commission of a robbery.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 352 N.E.2d 473.