**William UDCHITZ, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3–1177A299.**

Court of Appeals of Indiana,
Fourth District.

Dec. 26, 1979.

Walter J. Alvarez, Merrillville, for appellant-defendant.

Theo. L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

Appellant William Udchitz was convicted of Aggravated Assault and Battery[1] and Assault and Battery with Intent to Commit a Felony.[2] His appeal challenges the sufficiency of the proof of the corpus delicti necessary for the admission of his confession, the court's refusal to grant a directed verdict and the sufficiency of the evidence. We affirm in part and reverse in part.

## FACTS

Shortly before 8:00 a. m. on March 4, 1977, Ms. Leona Toczek went to St. Mary's Church in Griffith, Indiana. While Ms. Toczek was kneeling in the back pew appellant came up behind her and struck her on the head with a vase. She was knocked to the floor, attempted to rise but was struck again. She began to scream and was hit a third time. Her continued screaming apparently alarmed appellant and he fled. Ms. Toczek went to the rectory for aid and the police were summoned. Appellant was apprehended in a laundromat four to five blocks from the church, though he was not held. The next day he voluntarily went to the police station and gave a statement.

## ISSUES

The issues properly preserved for our review are:[3]

1. Ind.Code 35–13–1–1 (since repealed).

2. Ind.Code 35–1–54–3 (since repealed). Appellant was charged with Inflicting Injury in the Perpetration of a Robbery, Ind.Code 35–13–4–6 (since repealed). The jury found him guilty of the lesser included offense of Assault and Battery with Intent to Commit a Felony. *See Roddy v. State*, (1979) Ind.App., 394 N.E.2d 1098.

Appellant was properly sentenced on Count II only. *Elmore v. State*, (1978) Ind., 382 N.E.2d 893.

3. Appellant has failed to preserve error on the other issues raised in his brief. His challenge to the voluntariness of his confession does not appear with sufficient specificity in the motion to correct errors or the memorandum attached

I. Whether the corpus delicti for the crime of Inflicting Injury in the Perpetration of a Robbery was established so as to permit appellant's admission of his intent to rob?

II. Should the court have granted appellant's motion for judgment on the evidence on the charge of Inflicting Injury in the Perpetration of a Robbery?

III. Was the verdict supported by sufficient evidence?

### I. CORPUS DELICTI

■ Appellant argues the corpus delicti for the crime of inflicting injury in the course of a robbery was not established and therefore the court erred in not expunging from his confession an admission that he intended to rob the victim. The State contends the corpus delicti was sufficiently established. We agree with appellant.

■ Indiana law has consistently held the defendant's confession or out-of-court statement is not admissible unless there is independent proof of the corpus delicti. The State must produce evidence, other than the confession or admission, which establishes the specific crime charged was committed by someone. *Hudson v. State,* (1978) Ind., 375 N.E.2d 195; *Cambron v. State,* (1975) 262 Ind. 660, 322 N.E.2d 712; *Jones v. State,* (1969) 253 Ind. 235, 252 N.E.2d 572; *Perkins v. State,* (1979) Ind. App., 392 N.E.2d 490; *Murry v. State,* (1979) Ind.App., 385 N.E.2d 469. The corpus delicti need not be proven beyond a reasonable doubt, *Jackson v. State,* (1970) 255 Ind. 289, 263 N.E.2d 649, and may be shown by circumstantial evidence, *Perkins v. State, supra.* The State is not required to establish the corpus delicti before introducing the statement as the order of proof is within the trial court's discretion. *Ballard v. State,* (1974) 262 Ind. 482, 318 N.E.2d 798.

The basis for appellant's challenge to the corpus delicti is the lack of independent evidence on intent to rob. Appellant is correct. In fact, the record contains evidence of a lack of intent. Under direct examination by the prosecutor the victim testified her attacker never attempted to take her purse despite the fact she had been knocked to the floor between two church pews.

Q. When you went into the pews what if anything did you have on your person?

A. When I went into the pews when I went into church I sat my purse down in the seat in front of me.

Q. You had a purse with you?

A. I had a purse yes, and it was as I entered the pew I just sat the purse down in the seat in front of me.

Q. I see. Could you see the purse at all times?

A. Yes.

Q. Did this individual make any attempt ever to grab the purse?

A. No.

In her deposition Ms. Toczek gave the following testimony:

Q. And had you brought your purse inside with you?

A. Yes.

Q. And was your purse—

A. I sat my purse in the seat ahead of me.

Q. Okay, and when you left the church, after the attack, did you take your purse with you?

A. Yes, I did.

Q. And at anytime did the assailant say anything to you that he wanted your purse?

A. No.

Q. Did he say anything that he wanted to rob you?

thereto. The same is true with regard to the claimed lack of a timely ruling on appellant's motion to suppress. *Whitfield v. State,* (1977) 266 Ind. 629, 366 N.E.2d 173. Finally, appellant's basis for objecting to the testimony of

Dr. Carpenter in his brief is different from that specified in his motion to correct errors. *Cox v. State,* (1974) 159 Ind.App. 286, 306 N.E.2d 107.

A. No.

Q. And to the best of your knowledge, did he attempt to take your purse from you?

A. No.

It is painfully obvious there was no evidence that appellant intended to rob the victim other than his admission in the statement he gave to the police.

■■ To establish the corpus delicti for the crime of inflicting injury in the perpetration of a robbery it was necessary for the State to demonstrate a robbery or attempted robbery had taken place. In *Porter v. State*, (1979) Ind., 391 N.E.2d 801, a felony-murder prosecution, Justice Pivarnik held, "to establish the corpus delicti, it was necessary to demonstrate that a robbery attempt had occurred, that a human being had been killed during this robbery attempt, and that the robbery attempt and homicide had been committed by someone." *Id.* at 809 (all Justices concurring).[4] We think *Porter* is highly analogous. Just as the corpus delicti in a felony-murder case requires some independent proof of the homicide and the underlying felony, a prosecution for the crime charged here requires some independent proof of the assault and battery and the robbery or attempted robbery. As was noted earlier, our law requires proof of the *specific* crime charged. In this case proof of a robbery or robbery attempt was undoubtedly necessary for the establishment of the corpus delicti; evidence of the assault and battery alone was not sufficient. *See Johnson v. State,* (1974) 262 Ind. 164, 313 N.E.2d 535 (robbery or attempted robbery is an inextricable element of inflicting injury in the course of a robbery); *Johnson v. State,* (1970) 253 Ind. 570, 255 N.E.2d 803.

4. In *Harrison v. State,* (1978) Ind., 382 N.E.2d 920, the Court reached an apparently inconsistent holding. *Harrison* was also a felony-murder prosecution and the Court held, "the state is not required to establish, through evidence independent of the confession, the exact felony or attempted felony underlying the charge." We admit to some bewilderment over these conflicting pronouncements. However, we believe *Porter* is the correct statement of the law. Virtually all Indiana corpus delicti cases require a showing of the *specific* crime charged.

It therefore was error for the court to admit that part of appellant's statement in which he said his motive for the attack was robbery.

## II. JUDGMENT ON THE EVIDENCE

At the close of the State's case, appellant made a motion for judgment on the evidence on Count II, inflicting injury in the course of a robbery. The court denied the motion and appellant asserts error in this denial. The assertion is well taken.

■■ To withstand the motion for judgment on the evidence it was necessary for the State to establish a prima facie case, i. e., there must have been probative evidence on each element of the crime charged. *Robinson v. State,* (1974) Ind.App., 309 N.E.2d 833. It was therefore necessary for the State to produce evidence showing a robbery or attempted robbery. In view of our decision in section one of this opinion, there was a dearth of evidence to establish this crucial element. In fact, with appellant's admission properly excluded the testimony of Ms. Toczek positively demonstrates the absence of this element. It was error for the court to deny appellant's motion.

## III. SUFFICIENCY OF THE EVIDENCE

Appellant's challenge to the sufficiency of the evidence deals exclusively with the identification of appellant as the perpetrator of the crime. Because of our decision as to Count II, we will address this issue solely within the context of Count I, aggravated assault and battery.

Appellant points up the inability of Ms. Toczek to identify him at two pre-trial show

The specific crime charged in *Porter* and *Harrison* was felony-murder. What makes this crime different from other homicide crimes is that the homicide occurred during the commission of a felony. Thus, to establish the corpus delicti it is necessary to present independent evidence on both the homicide and the underlying felony. *See Cambron v. State,* (1975) 262 Ind. 660, 322 N.E.2d 712, 715 (the State may be required to introduce independent evidence on each element of the crime charged).

ups and in court. He also stresses the discrepancies between his physical appearance and Ms. Toczek's description of her assailant. While we find this evidence, or the lack thereof, damaging to the State's case, we think there was sufficient probative evidence of appellant's identification as the perpetrator to sustain his conviction on sufficiency grounds.

■ In the admissible portions of his statement, appellant admitted striking Ms. Toczek with the vase. He described his activity shortly before and after the assault and this description was consistent with the testimony of other witnesses. A young girl identified appellant as the strange man she saw in the school adjacent to the church shortly before the attack. Also, appellant was apprehended only a few blocks from the scene of the assault. While mere presence at or near the scene of a crime is not sufficient to support a conviction, *McGill v. State*, (1969) 252 Ind. 293, 247 N.E.2d 514, appellant's presence in addition to the probative weight of his confession constitute sufficient evidence to sustain the conviction for aggravated assault and battery.

For the foregoing reasons we affirm the conviction of appellant as to Count I (Aggravated Assault and Battery) and reverse as to Count II (Assault and Battery with Intent to Commit a Felony). Because the trial court sentenced appellant on Count II only, this cause is remanded with instructions to vacate the sentence as to Count II and to impose the appropriate sentence as to Count I.

YOUNG, J., concurs.

MILLER, P. J., concurs in result.